# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. 3:23-cv-18 |
| v. | ) | |
| | ) | |
| THE UNIVERSITY OF VIRGINIA | ) | |
| et al., | ) | By: Hon. Robert S. Ballou |
| | ) | United States District Judge |
|     Defendant. | ) | |

## SCHEDULING ORDER

### Summary

    **TRIAL DATE:**    October 1–3, 2024 (Jury Trial)

    **TIME:**    9:00 A.M.

    **PLACE:**    **UNITED STATES DISTRICT COURT**
                          **255 WEST MAIN STREET**
                          **CHARLOTTESVILLE, VIRGINIA**

| | |
|---|---|
| **RULE 26(f) CONFERENCE** | **14 days from this order** |
| **FILING OF RULE 26(f) PLAN** | **21 days from this order** |
| **RULE 26(a) INITIAL DISCLOSURES** | **30 days from this order** |
| **PLAINTIFF'S INITIAL EXPERT DISCLOSURE:** | **180 days before trial date** |
| **DEFENDANT'S INITIAL EXPERT DISCLOSURE:** | **150 days before trial date** |
| **REBUTTAL EXPERT DISCLOSURE:** | **120 days before trial date** |
| **DEADLINE TO COMPLETE DISCOVERY:** | **90 days before trial date** |

**DEADLINE TO FILE DISPOSITIVE MOTIONS:**         **75 days before trial date**

**DEADLINE FOR HEARING DISPOSITIVE MOTIONS:**    **45 days before trial date**

### Trial and Settlement

1. This case is set for a (jury/bench) trial, scheduled to begin at 9:00 a.m. on October 1, 2024.

2. The parties shall contact Kelly Brown, Courtroom Deputy, (kellyb@vawd.uscourts.gov, 540-857-5116), to schedule a final pretrial conference to be held no later than seven (7) days prior to trial.

3. Proposed jury instructions and special interrogatories must be submitted to the court at least 7 days prior to trial, with copies provided to opposing counsel.  The parties should also email the proposed jury instructions and special interrogatories in Word format, with citations to applicable case law or statute, to ballou.ecf@vawd.uscourts.gov, and copy opposing counsel.

4. Motions in limine must be filed at least 21 days prior to trial.  Briefs in opposition to any motion in limine must be filed at least 14 days prior to trial.

5. If the case settles prior to trial and the court does not receive a proposed final order within 30 days after the court received oral or written notification of the settlement, the court will dismiss the case with prejudice.  The court will retain jurisdiction to enforce the settlement if any party so moves within 30 days of the entry of the dismissal order.

### Motions

6. All non-dispositive pretrial motions and issues, except motions in limine, are hereby referred to United States Magistrate Judge Joel C. Hoppe, pursuant to 28 U.S.C.

§§ 636(b)(1)(A). Hearing on motions before Judge Hoppe are scheduled by calling Karen Dotson at (540) 434-3181 x.2.

7. Prior to filing any discovery motion, the parties are directed to contact the Magistrate Judge to request a conference with the court in an effort to resolve the issue.

8. All motions and briefs shall be filed and scheduled for hearing, if any, in accordance with Western District of Virginia Civil Local Rule 11. If a motion has been filed prior to this order, and supporting legal argument is not contained in the motion, the movant must file a supporting brief within 14 days of the date of this order. Any brief in opposition to such motion and corresponding reply brief shall be filed in accordance with Civil Local Rule 11. Except for good cause shown, if a brief opposing a motion is not timely filed, the court will consider the motion to be unopposed.

9. Exclusive of any accompanying exhibits, a brief may not exceed 25 pages in length using standard margins, double-spaced lines, and a font no smaller than 12-point Times New Roman, unless the filing party first obtains leave of the court after showing good cause why a longer brief is necessary.

10. No motion, brief, or exhibit may be filed under seal, except as allowed by the mandatory provisions of Western District of Virginia General Local Rule 9. The requirements of General Local Rule 9 may not be modified by a stipulated protective order or other agreement of the parties.

11. The court does not generally schedule motions hearings. Such scheduling is the responsibility of the parties. Any party requesting a hearing must contact Kelly Brown (kellyb@vawd.uscourts.gov, 540-857-5116) to set a hearing date. If the parties do not promptly schedule a hearing, the court will rule on the motion without a hearing.

12.     The parties are directed to confer with one another before filing any motion and certify whether the motion is opposed, and if a motion is unopposed, no brief need be filed, nor response made to the motion.  This provision does not apply to dispositive motions, motions to exclude experts, or motions made under Rule 26(a)(3)(B). Procedural motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the court, without awaiting a response.

13.     Any motion to join other parties and to amend the pleadings must be filed 90 days from the date of this order, absent good cause shown.

## Discovery

14.     Unless the parties stipulate otherwise, they must confer and develop a discovery plan as required by Rule 26(f) and make initial disclosures as required under Rule 26(a)(1) and within the deadlines set forth in this order.

15.     The parties may, but are not required to, file an agreed written plan pursuant to Rule 26(f), except that the plan must be filed if the parties amend this order's disclosure or discovery provisions, which the parties may do by agreement and without seeking leave of court. If the agreed written plan purports to change any deadlines other than the disclosure and discovery deadlines, the parties shall file a separate motion requesting leave to amend this order and shall submit a proposed agreed order with modified deadlines.  The court may also amend the order on its own motion.

16.     All discovery is to be completed 90 days before trial.  This schedule requires that all written discovery be served in sufficient time to allow a response before the cutoff date for discovery.

17.     Except for disclosures under Rule 26(a)(3) of trial witnesses and exhibits, which the parties must file, the parties are not to file discovery or disclosure material unless and until actually used in the proceeding.

## Witnesses

18.     Expert witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B). Any party intending to use expert testimony from a witness who is not retained or specially employed to provide expert testimony or whose duties as an employee of the party do not regularly involve giving expert testimony, such as a treating physician, or other person who may qualify as both an expert and a fact witness, must disclose the identity of such witness and provide a summary of all opinions the witness will render and the basis therefore in accordance with Rule 26(a)(2)(C) and the disclosure requirements established in this order.  Unless the parties otherwise agree or the court otherwise directs, the plaintiff must submit the written report of each expert not later than 180 days before the trial date, and the defendant must submit the written report of each expert no later than 150 days before the trial date.  Any opinions in rebuttal to the expert report of the defendant must be submitted no later than 120 days before the trial date.  If the parties mutually agree to alter these deadlines, all expert reports and any rebuttal reports must be exchanged in sufficient time such that discovery, if desired, can be completed reasonably by the discovery cutoff and without affecting the deadlines established for filing dispositive motions.

19.     Any motion to exclude the testimony of an expert based on the sufficiency or the reliability of the expert's testimony must be filed no later than the deadline for filing motions for summary judgment.

20.     Pretrial discovery and objections should be made within the time and in the manner required by Rule 26(a)(3). The failure to make timely disclosures may result in the exclusion of witness or evidence.

## Status Report

21.     The parties are directed to file a joint status report on the docket 180 days before trial. The report should advise the court on the parties' progress in discovery, any obstacles to completing discovery, anticipated dispositive motions, potential for case resolution, and any other anticipated issues. The status report should be filed on the docket ***and*** emailed to ballou.ecf@vawd.uscourts.gov.

## Pre-Trial Conference

22.     The court will hear all pre-trial motions and any other issues affecting the trial at the final pretrial conference.

## Mediation

23.     This case may be referred for mediation at the request of either party, or on the court's own motion.  Mediation of the case shall proceed independently of all other pretrial development.  Mediation of the case shall not modify or stay the scheduling provision of any pretrial order, except upon demonstration of exceptional cause.  See Western District of Virginia Civil Local Rule 83.

It is so **ORDERED**.

Entered: September 27, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge