IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| JANE DOE,<br><br>**Plaintiff,**<br><br>v.<br><br>**THE UNIVERSITY OF VIRGINIA, et al.,**<br><br>**Defendants.** | Case No. 3:23-cv-00018-RSB |

## REPORT OF RULE 26(f) CONFERENCE AND DISCOVERY PLAN

Plaintiff, Jane Doe, and Defendants, Emily Babb, Akia Haynes, and the Rector and Visitors of the University of Virginia ("University"), by and through counsel, pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and the Court's Scheduling Order of September 27, 2023 (ECF No. 30), conferred by telephone on October 11, 2023, and hereby submit this report and discovery plan.

1. Discovery Plan.

    A. Rule 26(a) Disclosures. The Parties discussed the disclosure requirements in Rule 26(a) and the Scheduling Order's deadline of October 27, 2023, to make their initial disclosures. In light of the pending Motion to Dismiss and both sides already having the reports and exhibits from the Title IX investigation, the Parties agreed to modify the Scheduling Order so that the Parties will make their initial disclosures within fourteen days of the Court issuing a decision on the Motion to Dismiss (ECF No. 22).

B.  <u>Interrogatories</u>.  Plaintiff and Defendants collectively may each propound no more than twenty-five (25) interrogatories, including parts and subparts, without leave of Court.

C.  <u>Depositions</u>.  Plaintiff and Defendants collectively agree that each party may not exceed five (5) non-party, non-expert witness depositions without leave of court. Unless otherwise agreed by the Parties or upon Order of the Court, each deposition shall be limited to a maximum of one (1) day of seven (7) hours of actual testimony.  The Parties agree that they will make reasonable efforts to agree on dates for deposition convenient to the deponent, counsel, and the Parties. Counsel for Plaintiff will provide counsel for Defendants a list of witnesses that Plaintiff intends to depose to facilitate scheduling.

D.  <u>Document Subpoenas.</u>  The Parties agree that if any documents are received from third parties pursuant to subpoena, FOIA request, or other third-party request, the receiving party shall provide copies of the documents, if requested in discovery, within five (5) business days of receipt.

E.  <u>Expert Disclosure</u>. The Parties agree with the deadlines for expert disclosure set out in the Scheduling Order (ECF No. 30), such that Plaintiff's initial expert disclosure is due 180 days before trial, Defendants' initial expert disclosure is due 150 days before trial, and rebuttal expert disclosure is due 120 days before trial.

F.  <u>Subjects and Timing of Discovery</u>. The Parties agree that the scope of discovery shall be limited to those topics permissible under Rule 26(b). It is anticipated that Plaintiff will seek discovery on information related to the material factual allegations for her Title IX claim and any defenses raised by Defendants. It is anticipated that

Defendants may seek discovery on various topics, including information relating to the material factual allegations and/or claims made by Plaintiff in the Complaint, general background information about Plaintiff, Plaintiff's claimed damages, and any relief Plaintiff is seeking herein. The Parties agree with the deadline for the completion of discovery set out in the Scheduling Order (ECF No. 30), such that discovery shall be completed 90 days before trial. Further, in light of Defendants' pending Motion to Dismiss the Amended Complaint (ECF No. 22), the parties agree that no discovery requests shall be propounded until the Court rules on the aforementioned Motion. Thus, the Parties agree that discovery is stayed pending resolution of Defendants' Motion to Dismiss the Amended Complaint.

      G.    <u>Motions for Summary Judgment</u>. The Parties agree with the deadline for the filing of motions for summary judgment set out in the Scheduling Order (ECF No. 30).

      2.    <u>Document Production Format and Electronically Stored Information.</u> Regarding Rule 26(f)(3), the Parties discussed the discovery of electronic information. In addition to incorporating by reference applicable federal rules of civil procedure governing the same, the Parties agree that, if electronically stored information is requested by a Party, such information will be produced in PDF format and metadata will not be produced unless so requested by a Party with respect to a specific document or file.

      3.    <u>Privileged Material.</u>

      A.    <u>Effect of disclosure.</u> The Parties agree that the inadvertent production of documents subject to the work product privilege, the attorney-client privilege, or other privilege protecting information from discovery shall not constitute a waiver of the

immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production as set forth in Fed. R. Civ. P. 26(b)(5)(B). If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party, or destroyed, upon request of the producing party, and such returned or destroyed material shall be deleted from any litigation support or other database. If, however, the recipient disputes the protected nature of the disclosed information, then the recipient shall so notify the producing party in writing within a reasonable time of the notification and segregate (rather than return or destroy) the information and make no use of the information pending resolution of the dispute. If the dispute cannot be resolved between the Parties, the recipient of such documents may move the Court for an order compelling production attaching the information at issue under seal.

   B. <u>Claims of privilege.</u> All claims of privilege must be made in accordance with Federal Rule 26(b)(5). However, the Parties agree it shall not be necessary to separately identify or log any attorney-client communication or work product that post-dates the filing of the original complaint in this action. The Parties agree to serve their initial privilege logs, if any, within 30 days of the date of service of the Parties' written discovery responses and to timely supplement such as needed.

  4. <u>Preservation and Retention of Documents</u>. Counsel for the Parties represent that they have instructed their clients of their obligations regarding the preservation of discoverable information that may be relevant to the subject matter of this lawsuit.

5. <u>Protective Orders and Confidential Information</u>. The Parties anticipate filing a joint stipulated protected order to protect confidential and sensitive academic information protected under FERPA. The Parties agree to timely file a motion for the same.

6. <u>Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses.</u> All pleadings, motions, and other papers that are filed are to be served electronically as provided by the Federal Rules and local rules. In addition, the Parties agree that they will serve by email or electronic means all discovery requests and written responses and any other papers that are not filed unless doing so is not technically feasible in which case those documents will be served via first-class mail or overnight delivery or by other means as agreed to by the Parties.

7. The Parties have conferred and agreed that they do not consent to trial before a Magistrate Judge in this matter.

8. Counsel for the Parties are open to discussing settlement of this matter but do not believe such discussions are appropriate at this time. Counsel will continue to evaluate the prospect of settlement as discovery progresses and will contact the Magistrate Judge if they believe mediation would be fruitful.

9. The Parties have discussed all other items required to be discussed by Rule 26(f) and the Court's Scheduling Order of September 27, 2023

WHEREFORE, Plaintiff and Defendants, by counsel, respectfully request this Honorable Court approve this Proposed Joint Discovery Plan.

Date: October 17, 2023

Respectfully submitted,

| | |
|---|---|
| JANE DOE | THE RECTOR AND VISTORS OF THE UNIVERSITY OF VIRGINIA, EMILY BABB, AND AKIA HAYNES |
| By: /s/ *Devon J. Munro*<br>         Counsel | |
| | By: */s/ Christopher P. Bernhardt*<br>         Counsel |
| Devon J. Munro (VSB # 47833)<br>Munro Byrd, P.C.<br>120 Day Ave. SW, First Floor<br>Roanoke, Virginia 24016<br>Telephone: (540) 283-9343<br>Email: dmunro@trialsva.com | Christopher P. Bernhardt (VSB No. 80133)<br>Assistant Attorney General<br>Office of the Virginia Attorney General<br>202 North 9th Street<br>Richmond, Virginia 23219<br>Telephone:    (804) 371-0977<br>Facsimile:      (804) 371-2087<br>Email: cbernhardt@oag.state.va.us |
| Elizabeth Abdnour<br>Pro Hac Vice<br>Abdnour Weiker, LLP<br>500 E. Michigan Ave., Ste. 130<br>Lansing, Michigan 48912<br>Telephone: (517) 994-1776<br>Email: liz@education-rights.com<br>*Counsel for Plaintiff* | Amy E. Hensley (VSB No. 80470)<br>Associate University Counsel/Assistant Attorney General<br>Madison Hall<br>1827 University Avenue<br>Charlottesville, Virginia 22904<br>Telephone:    (434) 924-3685<br>Email: aehensley@virginia.edu<br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October of 2023, the foregoing was filed with the Clerk of Court using the CM/ECF system.

By:      /s/ Christopher P. Bernhardt
Christopher P. Bernhardt (VSB No. 80133)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone:    (804) 371-0977
Facsimile:      (804) 371-2087
Email: cbernhardt@oag.state.va.us
*Counsel for Defendants*