**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

|  |  |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:23-cv-00018-RSB |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| THE UNIVERSITY OF VIRGINIA, ) | |
| RECTOR AND VISITORS OF THE ) | |
| UNIVERSITY OF VIRGINIA (UVA ) | |
| BOARD OF VISITORS), EMILY BABB, ) | |
| and AKIA HAYNES, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

Plaintiff Jane Doe respectfully requests that this Court enter an Order allowing her to proceed under a pseudonym, pursuant to Local Civil Rule 5(c) and the factors set forth by the U.S. Court of Appeals for the Fourth Circuit in *James v. Jacobson*, F.3d 233 (4th Cir. 1993). In support of her motion, Plaintiff states:

1. Plaintiff Jane Doe was at all relevant times a student enrolled at the University of Virginia.

2. Plaintiff's claim is a highly personal matter that requires utmost sensitivity. Jane Doe was sexually assaulted by her professor for a period of more than a year while she was a student at the University of Virginia.

3. Defendants University of Virginia, the Rector and Visitors of the University of Virginia, Emily Babb, and Akia Haynes were responsible for overseeing and otherwise complying with the operation and management of Title IX investigations.

4. The Court uses several considerations to determine whether a plaintiff should be allowed to proceed pseudonymously. These considerations include:

   (1) Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;

   (2) Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

   (3) The ages of the persons whose privacy interests are sought to be protected;

   (4) Whether the action is against a governmental or private party; and

   (5) Relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238.

5. It is within the Court's discretion to review the considerations and allow Plaintiff to proceed pseudonymously. *Id.*

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order permitting her to proceed with the use of pseudonyms, barring the parties from filing information containing Plaintiff's name or personally identifiable information on the public docket, and granting to Plaintiff any other relief necessary to allow her to proceed with pseudonyms.

Date: October 23, 2023                    Respectfully Submitted,

                                                        Devon J. Munro (VSB # 47833)
                                                        Munro Byrd, P.C.
                                                        120 Day Ave. SW, First Floor
                                                        Roanoke VA 24016
                                                        (540) 283-9343
                                                        dmunro@trialsva.com

*s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour
Pro Hac Vice
Abdnour Weiker, LLP
500 E. Michigan Ave., Ste. 130
Lansing, MI 48912
(517) 994-1776
liz@education-rights.com

Co-Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

    I, Elizabeth K. Abdnour, counsel for Plaintiff, certify that on October 23, 2023, I filed this document by use of this Court's ECF system, which will serve copies to all counsel of record.

/s/ Elizabeth K. Abdnour

3