**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:23-cv-00018-RSB |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| THE UNIVERSITY OF VIRGINIA, ) | |
| RECTOR AND VISITORS OF THE ) | |
| UNIVERSITY OF VIRGINIA (UVA ) | |
| BOARD OF VISITORS), EMILY BABB, ) | |
| and AKIA HAYNES, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER**
**MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

Plaintiff Jane Doe is a resident of Fairfax County, Virginia and was at all relevant times a student enrolled at the University of Virginia. During her time at UVA, Plaintiff was groomed, harassed, and sexually assaulted by a professor for a period of more than a year. UVA faculty members learned of the assault, but did not assess her well-being and safety, offer to provide her with any assistance, explain her rights and options to move forward, or properly report the Title IX violations. When Plaintiff filed her own Title IX complaint, the investigation took four hundred and ninety-three days to complete. The abuse and deficient Title IX investigation by UVA resulted in violations of Title IX policy and due process rights which has had a detrimental impact on Plaintiff's health and wellbeing. Doe files this Motion for Leave to Proceed Under Pseudonym in this matter.

# ARGUMENT

In matters of highly personal and sensitive nature, the Court may exercise its discretion to allow a plaintiff to proceed using pseudonyms. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) ("The decision whether to permit parties to proceed anonymously at trial is one of the many involving management of the trial process that for obvious reasons are committed in the first instance to the trial court discretion."). In *James*, the Fourth Circuit provided a non-exhaustive list of considerations to aid a Court in assessing whether a plaintiff may proceed pseudonymously. The considerations by the Fourth Circuit are:

> A. Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
> B. Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> C. The ages of the persons whose privacy interests are sought to be protected;
> D. Whether the action is against a governmental or private party; and
> E. Relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238. These considerations weigh heavily in favor of allowing Plaintiff to proceed pseudonymously in this case.

### A. Plaintiff seeks to preserve her privacy in a matter of a sensitive and highly personal nature.

Courts routinely allow a plaintiff asserting claims involving sexual assault to proceed under pseudonym, as claims are highly sensitive and personal. *See, e.g.*, *Painter v. Doe*, No. 3:15-CV-369, 2016 U.S. Dist. LEXIS 91003, at *16-17 (W.D.N.C. July 13, 2016); *Doe v. Alger*, No. 5:15-cv-00035, 2016 U.S. Dist. LEXIS 43401, at *6 (W.D. Va. Mar. 31, 2016); *Doe v. Cabrera*, 307 F.R.D. 1 (D.D.C. 2014), at *5 (collecting cases); *Doe v. De Amigos, LLC*, No. 11-cv-1755, 2012 U.S. Dist. LEXIS 190501, at *4 (D.D.C. Apr. 30, 2012). Courts acknowledge the vital public policy concerns in maintaining the anonymity of sexual assault victims, so that other victims are

2

not deterred from reporting sexual misconduct. *See*, *e.g.*, *De Amigos*, at *5; *Doe No. 2 v. Kolko*, 242 F.R.D.193, 195-96 (E.D.N.Y. 2006); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001). Such protection is particularly warranted given the increasing media attention on the question of how schools are handling allegations of sexual assault. *See Doe v. Colgate Univ.*, No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *6 (N.D.N.Y. Apr. 12, 2016) (noting that increased media attention to the issue of sexual assault on college campuses strengthens the need for use of pseudonyms because of the increased the risk of harm to sexual assault survivors and their assailants).

Here, Plaintiff was a college student at the University of Virginia when she was sexually assaulted. Allowing Plaintiff to proceed under a pseudonym protects the privacy of a former student who experienced trauma and permits her to heal and pursue her claims without public disclosure. There is no question that Plaintiff satisfies this element and that it weighs heavily in favor of her motion.

### B. Plaintiff's identification poses a risk of further retaliatory physical or emotional harm to her.

Courts have found this factor established when there is the possibility that a party who has suffered sexual assault may experience additional harm by being re-victimized or be at increased risk for retaliatory physical or mental harm, if her legal name appears on a public docket disclosing details of the sexual assault. *See Painter*, 2016 U.S. Dist. LEXIS 91003, at *17; *Alger*, 2016 U.S. Dist. LEXIS 43401, at *7-9. Other students' identification of plaintiffs may also increase the risk of retaliatory mental or physical harm, and courts have weighed in favor of anonymity in such cases. *See Alger*, 2016 U.S. Dist. LEXIS 43401, at *8-9.

Identifying Plaintiff here would risk further harm to her. Plaintiff suffered several instances of sexual assault and further trauma because of UVA's response to her assault. Several

students spread rumors about Plaintiff and blamed her for being sexually abused. Should Plaintiff's name appear on this docket, she is exposed to the possibility of re-victimization, harassment, retaliatory, physical, or mental harm, and lasting public notoriety for a traumatic incident that happened early in her adult life. The possibility of such exposure weighs in favor of her ability to proceed with a pseudonym.

### C. Plaintiff was a young woman at the time of assault.

Courts permit use of pseudonyms to protect the privacy of "particularly vulnerable parties," including children and victims of sexual assault. *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). In cases involving sexual assault, protection is also warranted when the student is close to or of legal adult age. *See Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 594 (E.D. Va. 2016) (plaintiffs were "legally adults, but the events in issue occurred when they were just barely so"). Furthermore, college students are acknowledged by the Court as an exception because they "'may still possess the immaturity of adolescence,' particularly in their first few years of schooling." *Doe v. Va. Polytechnic Ins. & State Univ.*, No. 7:19-cv-00249, 2020 U.S. Dist. LEXIS 46319, at *12 (W.D. Va. Mar. 18, 2020) (quoting *Yacovelli v. Moser*, No. 1:02-cv-596, 2004 U.S. Dist. LEXIS 9152, at *24 (M.D.N.C. May 20, 204).

Here, Plaintiff was a young college student when she was sexually assaulted by her professor. She was barely of legal adult age and was beginning her first few years of college. This consideration adds significant weight to allowing Plaintiff to proceed using a pseudonym.

### D. Plaintiff brings this action against a government entity.

The fourth consideration is whether Plaintiff is challenging government activity or private activity. "Whether the defendant is a governmental entity or a private defendant is significant because governmental bodies do not share the concerns about 'reputation' that private individuals

4

have when they are publicly charged with wrongdoing[,]" and thus a plaintiff may proceed with anonymity without harm to the defendant. *Doe v. Shakur*, 164 F.R.D. 359, 361 n.1 (S.D.N.Y.1996). Plaintiff challenges UVA's violation of her rights under Title IX, specifically those actions and omissions by UVA that created a hostile educational environment and disrupted Plaintiff's education. The public interest in this case lies not in Plaintiff's name, but in the resolution of the substantive legal issues. Plaintiff's use of a pseudonym will not interfere with the right or ability of the public to follow the proceedings.

### E. UVA faces no risk of unfairness if Plaintiff is allowed to proceed pseudonymously.

Allowing Plaintiff in this matter to proceed pseudonymously does not prejudice UVA in any way. UVA knows Plaintiff's identity and the identity of the others involved, and counsel has used their real names in discussions related to the case. *See Va. Polytechnic Ins. & State Univ.*, 2020 U.S. Dist. LEXIS 46319, at *12. Plaintiff's ability to proceed pseudonymously will not inhibit UVA's ability to engage in appropriate discovery or defend the case. *See De Amigos*, 2012 U.S. Dist. LEXIS at * 7-8.

### CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that she be allowed to proceed pseudonymously, and this Honorable Court enter an Order that (i) permits her to proceed with use of a pseudonym; (ii) bars the parties from filing information containing Plaintiff's name or personally identifiable information; and (iii) grant Plaintiff any other relief necessary to allow her to proceed under pseudonym.

Date: October 23, 2023                                                  Respectfully Submitted,

                                                                        Devon J. Munro (VSB # 47833)
                                                                        Munro Byrd, P.C.

        120 Day Ave. SW, First Floor
        Roanoke VA 24016
        (540) 283-9343
        dmunro@trialsva.com

        *s/ Elizabeth K. Abdnour*
        Elizabeth K. Abdnour
        Pro Hac Vice
        Abdnour Weiker, LLP
        500 E. Michigan Ave., Ste. 130
        Lansing, MI 48912
        (517) 994-1776
        liz@education-rights.com

        Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

    I, Elizabeth K. Abdnour, counsel for Plaintiff, certify that on October 23, 2023, I filed this document by use of this Court's ECF system, which will serve copies to all counsel of record.

        /s/ Elizabeth K. Abdnour