**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| **JANE DOE,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:23-cv-00018-RSB** |
| **RECTOR AND VISITORS OF THE** **UNIVERSITY OF VIRGINIA,** | |
| **Defendant.** | |

## <u>ANSWER TO AMENDED COMPLAINT</u>

Defendant, the Rector and Visitors of the University of Virginia ("UVA" or "University"), by counsel, submits this Answer to Plaintiff Jane Doe's Amended Complaint (ECF No. 21) as follows:

1.      The allegations contained in paragraph 1 recite legal conclusions to which no response is required.

2.      The allegations contained in paragraph 2 recite legal conclusions to which no response is required..

3.      The allegations contained in paragraph 3 recite legal conclusions to which no response is required.

4.      UVA admits the allegations contained in paragraph 4. UVA is the only defendant remaining in this action. Defendants Emily Babb and Akia Haynes, who were dismissed from this lawsuit on October 30, 2023, ECF No. 38, do not reside in this district.

5.      UVA admits the allegations contained in paragraph 5.

7.      UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 regarding Plaintiff's residency and thus denies the same. UVA admits that Plaintiff was an enrolled student at the University from the Fall of 2018 through May of 2020 when she graduated. As Plaintiff has made allegations regarding UVA's actions after Plaintiff graduated, UVA denies the allegation in paragraph 7 that Plaintiff was at all relevant times a student enrolled at the University.

8.      UVA admits the allegations contained in paragraph 8.

9.      UVA admits the allegations contained in paragraph 9.

10.     UVA admits the allegations contained in paragraph 10.

11.     Paragraph 11 does not contain any allegations to which a response is required. The Rector and Visitors of the University of Virginia is the only remaining defendant to this lawsuit. ECF No. 42 at 2.

12.     UVA denies that Babb failed to act regarding the facts alleged in this lawsuit and that she worked within Albemarle County but admits the remaining allegations contained in paragraph 12. The University is located in the City of Charlottesville.

13.     UVA admits the allegations contained in paragraph 13.

14.     UVA denies that Haynes failed to act regarding the facts alleged in this lawsuit and that she worked within Albemarle County but admits the remaining allegations contained in paragraph 14. The University is located in the City of Charlottesville.

15.     UVA admits the allegations contained in paragraph 15.

16.     Paragraph 16 is a statement of law to which no response is required.

17.     Paragraph 17 is a statement of law to which no response is required.

18.     Paragraph 18 is a statement of law to which no response is required.

19.     Paragraph 19 is a statement of law to which no response is required.

20.     Paragraph 20 is a statement of law to which no response is required.

21.     Paragraph 21 is a statement of law to which no response is required.

22.     Paragraph 22 is a statement of law to which no response is required.

23.     Paragraph 23 is a statement of law to which no response is required

24.     Paragraph 24 is a statement of law to which no response is required

25.     Paragraph 25 is a statement of law to which no response is required.

26.     Paragraph 26 is a statement of law to which no response is required

27.     Paragraph 27 is a statement of law to which no response is required

28.     UVA admits the allegations contained in paragraph 28.

29.     UVA admits that in the fall of 2018, Plaintiff was accepted to UVA and transferred from her local community college to complete her bachelor's degree. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and thus denies the same.

30.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and thus denies the same.

31.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and thus denies the same.

32.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and thus denies the same.

33.     UVA admits that Plaintiff was a successful student during the time she was enrolled at the University. UVA lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraphs 33 and thus denies the same.

34.     UVA admits the allegations in paragraph 34.

35.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 as it relates to Plaintiff's perception of her experiences at UVA and thus denies the same. UVA admits the allegations contained in paragraph 35 regarding John Roe ("Roe") to the extent consistent with the findings of the Final Investigation Report of April 30, 2021 ("Final Investigation Report") and the Review Panel Determination and Recommendation as of July 7, 2021 ("Review Panel Determination"). UVA denies the remaining allegations.

36.     UVA admits the allegations in paragraph 36.

37.     UVA admits that Roe encouraged his students to meet with him during his office hours and that Plaintiff met with Roe during his office hours. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and thus denies the same.

38.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and thus denies the same.

39.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and thus denies the same.

40.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and thus denies the same.

41.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and thus denies the same.

42.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and thus denies the same.

43.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and thus denies the same.

44.    UVA denies the allegations in paragraph 44.

45.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and thus denies the same. UVA admits that Plaintiff took the J-Term course that was co-taught by Roe and Asher Biemann ("Biemann").

46.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and thus denies the same.

47.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and thus denies the same.

48.    To the extent consistent with the Final investigation Report, UVA admits that at Plaintiff's request, Roe assisted Plaintiff with arranging an early departure to Vienna with the University's International Studies Office, that Plaintiff and Roe were booked on the same flight to Vienna, and that Plaintiff and Roe stayed at the same hotel in Vienna where the other students and Biemann would be staying once the J-Term course began. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and thus denies the same.

49.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and thus denies the same.

50.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and thus denies the same.

51.    UVA admits the allegations in paragraph 51 that Plaintiff and Roe took the same flight to Vienna, Austria, and arrived on December 26 before the J Term course began on December

28, 2024. UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 as to when the other students arrived and thus denies the same. It was common for students in the J-Term course to travel to Europe before the course began.

52.     UVA admits the allegations contained in paragraph 52.

53.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and thus denies the same.

54.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and thus denies the same.

56.     UVA admits the allegations contained in paragraph 56. During previous J-Term courses, Roe had shown students his father's former home. Upon information and belief, Roe's father was a Holocaust survivor.

57.     UVA admits the allegations contained in paragraph 57.

58.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 as to who made the dinner plans and thus denies the same. UVA admits that Roe and Plaintiff had dinner with Biemann and his girlfriend on or around December 27, 2018.

59.     UVA admits the allegations contained in paragraph 59.

60.     UVA admits the allegations contained in paragraph 60 to the extent that Roe agreed to loan Plaintiff the adapter. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 and thus denies the same.

61.     UVA admits the allegations in paragraph 61 except that it lacks knowledge or information sufficient to form a belief as to how the dinner was planned and thus denies the same.

62.     UVA admits the allegations in paragraph 62 to the extent that Roe, Plaintiff, and Biemann returned to the hotel at some point after the dinner. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 and thus denies the same.

63.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and thus denies the same.

64.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and thus denies the same.

65.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and thus denies the same.

66.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and thus denies the same.

67.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and thus denies the same.

68.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and thus denies the same.

69.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and thus denies the same.

70.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and thus denies the same.

71.     UVA admits that the Final investigation Report concluded that Roe sexually assaulted Plaintiff on December 27, 2018. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 and thus denies the same.

72.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and thus denies the same.

73.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and thus denies the same.

74.     UVA admits that its Final Investigation Report concluded that Roe sexually assaulted Plaintiff on December 27, 2018. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74 and thus denies the same.

75.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and thus denies the same.

76.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and thus denies the same.

77.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and thus denies the same.

78.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and thus denies the same.

79.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and thus denies the same.

80.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and thus denies the same.

81.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 as to when the rest of the students participating in the J- Term class arrived in Vienna and thus denies the same. UVA admits that the J-Term course began on December 28, 2018.

82.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and thus denies the same.

83.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and thus denies the same.

84.     UVA admits that its Final investigation Report concluded that Roe sexually assaulted Plaintiff on December 28, 2018. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84 and thus denies the same.

85.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 and thus denies the same.

86.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 and thus denies the same.

87.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and thus denies the same.

88.     UVA admits that a classmate found Plaintiff in the lobby.  UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88 and thus denies the same.

89.     UVA admits that Plaintiff told a classmate about some aspects of her recent interactions with Roe. UVA lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph 89 that Plaintiff told her classmate about Roe's sexual abuse and thus denies the same.

90.     UVA admits the allegations contained in paragraph 90.

91.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and thus denies the same.

92.     UVA admits that the classmate expressed that the situation was inappropriate and advised Plaintiff to talk with someone else. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92 and thus denies the same.

93.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and thus denies the same.

94.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 and thus denies the same.

95.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and thus denies the same.

96.     UVA admits the allegations in paragraph 96.

97.     UVA admits that the student spoke with another student about the conversation with Plaintiff.  UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 97 and thus denies the same.

98.     UVA admits the allegations in paragraph 98.

99.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 and thus denies the same.

100.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and thus denies the same.

101.    UVA admits that its Final investigation Report concluded that Roe sexually assaulted Plaintiff on February 2, 2019. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 101 and thus denies the same.

102.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and thus denies the same.

103.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 and thus denies the same.

104.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and thus denies the same.

105.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and thus denies the same.

106.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and thus denies the same.

107.    UVA admits the allegations in paragraph 107.

108.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and thus denies the same.

109.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 and thus denies the same.

110.    UVA denies the allegations in paragraph 110.

111.    UVA denies the allegations in paragraph 111.

112.    UVA denies the allegations in paragraph 112.

113.    UVA denies the allegations in paragraph 114.

114.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 and thus denies the same.

115.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 and thus denies the same.

116.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and thus denies the same.

117.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 and thus denies the same.

118.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 and thus denies the same.

119.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 and thus denies the same.

120.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 and thus denies the same.

121.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 and thus denies the same.

122.    UVA admits the allegations in paragraph 122.

123.    UVA admits the allegations in paragraph 123.

124.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 and thus denies the same.

125.    UVA admits that the Final investigation Report concluded that Roe sexually assaulted Plaintiff on February 2, 2019. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 125 and thus denies the same.

126.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 and thus denies the same.

127.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 and thus denies the same.

128.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 and thus denies the same.

129.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 and thus denies the same.

130.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 and thus denies the same.

131.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 and thus denies the same.

132.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 and thus denies the same.

133.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 and thus denies the same.

134.    UVA admits the allegations in paragraph 134.

135.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 and thus denies the same.

136.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 and thus denies the same.

137.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 and thus denies the same.

138.    UVA admits that Plaintiff successfully finished the 2019 spring semester. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 138 and thus denies the same.

139.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 and thus denies the same.

140.    UVA admits that Plaintiff participated in an internship program in Washington, D.C. in the summer of 2019. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140 and thus denies the same.

141.    UVA admits that Roe travelled to Washington, D.C. on June 22, 2019, to see Plaintiff. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 141 and thus denies the same.

142.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 and thus denies the same.

143.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 and thus denies the same.

144.    UVA admits Roe visited Plaintiff in Washington, D.C. on June 22, 2019, that they went to dinner, and that Plaintiff went to Roe's hotel home during that visit. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 144 and thus denies the same.

145.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 and thus denies the same.

146.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 and thus denies the same.

147.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 and thus denies the same.

148.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 and thus denies the same.

149.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 and thus denies the same.

150.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 and thus denies the same.

151.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 and thus denies the same.

152.     UVA admits the allegations in paragraph 152 that Plaintiff attended a study abroad program at the University of Oxford in England during the summer of 2019. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 152 and thus denies the same.

153.     UVA admits the allegations in paragraph 153.

154.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 and thus denies the same.

155.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 and thus denies the same.

156.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 and thus denies the same.

157.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 and thus denies the same.

158.   UVA admits that Plaintiff returned to Charlottesville to start the fall 2019 semester but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 158 and thus denies the same.

159.   UVA admits the allegations in paragraph 159.

160.   UVA admits the allegations in paragraph 160.

161.   UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 and thus denies the same.

162.   To the extent consistent with the findings of the Final Investigation Report, UVA admits that Plaintiff went to Roe's home on more than one occasion in November and December 2019 and that they had sexual relations on those occasions. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 162 and thus denies the same.

163.   UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 and thus denies the same.

164.   UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 and thus denies the same.

165.   UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 and thus denies the same.

166.   UVA admits the allegations in paragraph 166.

167.   UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 and thus denies the same.

168.   UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 and thus denies the same.

169.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 and thus denies the same.

170.     UVA admits the allegations in paragraph 170.

171.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 and thus denies the same.

172.     UVA admits the allegations in paragraph 172.

173.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 and thus denies the same.

174.     UVA admits the allegations in paragraph 174.

175.     UVA denies that Plaintiff joined the dinner as Roe's date or companion. UVA admits that Biemann did not ask Plaintiff about whether she felt safe or comfortable joining the dinner but denies that there was any reason to do so. Students routinely shared meals with professors during the J-Term course and Biemann did not perceive that there was anything unusual with Plaintiff joining the dinner.

176.     UVA admits the allegations in paragraph 176. Students routinely shared meals with their professors during the J-Term and Biemann did not perceive that there was anything unusual with Plaintiff joining the dinner.

177.     UVA denies the allegations in paragraph 177.

178.     UVA denies the allegations in paragraph 178.

179.     UVA denies the allegations in paragraph 179. Biemann did not witness Roe drunkenly flirting with a female undergraduate student at her hotel room door.

180.    UVA denies the allegations in paragraph 180. Biemann did not witness Roe making any advances towards Plaintiff. Biemann was not aware of any reason to reach out to Plaintiff regarding her safety.

181.    UVA denies the allegations in paragraph 181. Biemann did not observe any behavior by Roe during the J-Term trip that suggested Roe was sexually harassing Plaintiff or any other student or was acting in an unusual manner towards Plaintiff..

182.    UVA admits that Biemann thought, in retrospect after Plaintiff reported a possible nonconsensual relationship with Roe, that Plaintiff's behavior during the J-Term course was more reserved and not as engaged as in his class. Biemann thought this may have been due to Plaintiff being on a travel abroad trip with students she did know and because she was sick for several days during the trip. While Plaintiff was ill, Biemann told Plaintiff to let her know if she needed anything, and Plaintiff did not tell him anything about Roe's behavior. UVA denies the remaining allegations in paragraph 182.

183.    UVA denies the allegations in paragraph 183. Biemann did not observe any behavior by Roe during the J-Term trip that suggested Roe was sexually harassing or sexually assaulting Plaintiff. UVA denies that Biemann noticed or learned of any conduct during the J-Term that he was required to report. Moreover, after Plaintiff reported to Biemann some aspects of her relationship with Roe on or about February 17, 2020, he reported it to the chair of Roe's department the next day.

184.    UVA admits the allegations in paragraph 184.

185.    UVA admits that Biemann was the Co-Director of UVA's Virginia Center for the Study of Religion from 2018 to 2023. UVA denies the remaining allegations in paragraph 185.

186.     UVA admits that paragraph 186 quotes a portion of UVA's Policy on Sexual and Gender-Based Harassment and Other Forms of Interpersonal Violence that was in effect from March 30, 2015, through August 13, 2020. ECF No. 11-1. That document speaks for itself. UVA denies that pursuant to this policy Biemann had an added level of responsibility regarding reporting Title IX violations due to his role as Co-Director of UVA's Virginia Center for the Study of Religion.

187.     In response to the allegations in paragraph 187, UVA's Policy on Sexual and Gender-Based Harassment and Other Forms of Interpersonal Violence, ECF No. 11-1, speaks for itself such that no response is required. To the extent a response is required, UVA denies the same.

188.     UVA denies the allegations in paragraph 188.

189.     UVA denies the allegations in paragraph 189.

190.     UVA admits that Plaintiff went to a UVA hospital emergency room in February 2020. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 190 and thus denies the same.

191.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 and thus denies the same.

192.     UVA admits that the Plaintiff emailed Biemann on February 16 and 17, 2020, and that she mentioned she was in a hospital. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 192 and thus denies the same.

193.     UVA admits the allegations in paragraph 193.

194.     UVA admits that on February 17, 2020, Plaintiff met with Biemann in his office on campus and disclosed that she had been in a consensual relationship with Roe since the 2018 J-Term. UVA denies the remaining allegations in paragraph 194.

195.    UVA admits the allegations in paragraph 195 that Plaintiff did not tell Biemann that Roe had done anything that was not consensual.  UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 195 and thus denies the same.

196.    UVA admits the allegations in paragraph 196.

197.    UVA denies the allegations in paragraph 197. Biemann did not meet with Plaintiff on February 18, 2020. Upon information and belief, Biemann did not meet with Plaintiff again to discuss her relationship with Roe until February 27, 2020.

198.    UVA denies the allegations in paragraph 198. On February 18, 2020, Biemann contacted Jeffrey Grossman, the chair of the German department.

199.    UVA admits the allegations in paragraph 199 to the extent that as of February 2020, Grossman and Roe had worked together at the University for many years and had a friendly professional relationship. UVA denies the remaining allegations in paragraph 199.

200.    UVA denies the allegations in paragraph 200.

201.    UVA denies the allegations in paragraph 201.

202.    UVA denies the allegations in paragraph 202.

203.    UVA admits that Biemann reported what Plaintiff told him on February 17, 2020, about her consensual relationship with Roe to Dudley Doane ("Doane"), the Director of the International Studies Office. UVA denies the remaining allegations in paragraph 203.

204.    UVA admits that on or around February 19, 2024, Biemann and Doane informed Laurie Casteen ("Casteen"), the Associate Dean of Students, about what Plaintiff told Biemann on February 17, 2020, regarding her consensual relationship with Roe. UVA denies the remaining allegations in paragraph 204.

205.     UVA admits that Casteen contacted Plaintiff on February 19, 2020, and that they arranged to meet after Plaintiff returned from spending time with family. UVA denies the remaining allegations in paragraph 205.

206.     In response to the allegations in paragraph 206 of the Amended Complaint, UVA admits upon information and belief that Biemann, Grossman, Doane, and Casteen were responsible employees and had reporting duties pursuant to UVA's Policy on Sexual and Gender-Based Harassment and Other Forms of Interpersonal Violence, ECF No. 11-1, and were required to report incidents of Prohibited Conduct to UVA's Title IX Coordinator. UVA denies the remaining allegations in paragraph 206.

207.     UVA denies the allegations in paragraph 207. Casteen reported Plaintiff's allegations regarding Roe's non-consensual acts to the Title IX office on March 15, 2020. Plaintiff's Title IX claim alleging the University was deliberately indifferent to her reporting in February 2020 has been dismissed. ECF No. 43.

208.     UVA denies the allegations in paragraph 208. Casteen reached out to Plaintiff on February 19, 2020, and made contact with her. Plaintiff and Casteen arranged to meet once Plaintiff returned from spending time with her family.

209.     UVA admits Plaintiff agreed to meet with Casteen on February 24, 2020. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 209 and denies the same.

210.     UVA denies the allegations in paragraph 210. Plaintiff met with Casteen on February 24, 2020, and reported that she had been in a relationship with Roe since the J-Term course. During that meeting, Plaintiff conveyed to Casteen that the relationship was entirely consensual.

211.     UVA admits that Plaintiff reported to Casteen that the relationship with Roe was consensual but denies the allegations in paragraph 211 that Casteen told Plaintiff that there was nothing that she could do to help her.

212.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212 and denies the same.

213.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213 and denies the same.

214.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 214 and denies the same.

215.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215 and denies the same.

216.     UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216 and denies the same.

217.     UVA admits that Plaintiff emailed Casteen on March 11, 2020, but denies the remaining allegations in paragraph 217. In her March 11, 2020, email, Plaintiff hinted that aspects of her relationship may not have been consensual. Casteen wrote back to clarify if Plaintiff was conveying that there had been a lack of consent and offered to meet with Plaintiff again. On March 15, 2020, Plaintiff told Casteen that Roe's initiation of physical contact during the J-Term course was not consensual, and that she wanted Roe's actions to be brought to the attention of an appropriate disciplinary body at UVA. Casteen made a report to the Title IX office the same day.

218.     UVA denies the allegation in paragraph 218 that suggests Casteen delayed in reporting Plaintiff's report of nonconsensual sexual acts by Roe. Casteen made a report to UVA's

Title IX office on March 15, 2020, the same day Plaintiff confirmed that there has been a lack of consent. UVA admits the remaining allegations in paragraph 218.

219.    UVA admits that on or around March 31, 2020, Plaintiff received a notification that UVA was commencing a formal Title IX investigation. UVA denies the remaining allegations in paragraph 219.

220.    UVA admits that, upon information and belief, Casteen spoke with Plaintiff on March 16, 2020, to walk her through resources and options and to determine Plaintiff's preferences. UVA denies that Plaintiff sought any protective measures when she spoke with Casteen in February and March 2020 or that any protective measures were required based on the information UVA had received at that time. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 220 and denies the same.

221.    UVA denies the allegations in paragraph 221.

222.    UVA admits that its policy in effect in from March 30, 2015, through August 13, 2020, provided that, "[t]ypically, the period from commencement of an investigation through resolution (finding and sanction, if any) will not exceed [60] calendar days," ECF No. 11-1 at 34, and that a typical investigation would be completed within 35 calendar days, *id.* at 38. This policy also provided that this typical timeframe "may be extended for good cause, which may exist if additional time is necessary to ensure the integrity and completeness of the investigation, . . . to accommodate the availability of witnesses, to account for University breaks or vacations, to account for complexities of a case, including the number of witnesses and volume of information provided by the parties, or for other legitimate reasons." *Id.* at 34. UVA admits that the investigation commenced on March 31, 2020, and concluded on August 6, 2021, when a final remedial measures letter was sent to Plaintiff. UVA denies that Plaintiff's complaint presented a

typical case that could be completed in the typical aspirational timeframe and asserts there was good cause for the additional time required.

223.    UVA admits the allegations in paragraph 223 that throughout the investigation, Plaintiff was responsive and compliant and engaged in multiple interviews as requested. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 223 and thus denies the same.

224.    UVA admits the allegations in paragraph 224. The Title IX investigators informed Plaintiff that they needed additional time to complete the investigation due to delays in obtaining information from parties and witnesses, the increased scope of the investigation, and issues related to the COVID-19 pandemic. The investigators informed Plaintiff that this timeframe might be extended again for good cause.

225.    UVA denies the allegations that the reason for the mutual no-contact directive was never explained to Plaintiff or that the reason for the directive was not self-explanatory given the ongoing investigation. UVA admits that, upon information and belief, a no-contact directive was issued to Plaintiff and Roe. UVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 225 and thus denies the same.

226.    UVA admits the allegations in paragraph 226.

227.    UVA denies the allegations in paragraph 227.

228.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228 and thus denies the same.

229.    UVA admits the allegations contained in paragraph 229. The Title IX investigator told Plaintiff that the extension was due to the significant volume of evidence submitted by both

her and Roe. The investigation that produced the draft investigative report consisted of 22 interviews and 46 exhibits.

230.    UVA denies the allegations contained in paragraph 230. The Title IX investigator informed Plaintiff that the draft report would be issued in August 2020.

231.    UVA admits the allegations in paragraph 231. The draft investigation report was 172 pages long and was the product of 22 interviews and 46 exhibits.

232.    UVA admits the allegations in paragraph 232.

233.    UVA denies the allegations in paragraph 233.

234.    UVA denies the allegations in paragraph 234. UVA denies that there is anything in the Final Investigation Report that provides support for the allegation that UVA faculty members and administrators had likely known about Roe's abuse of her and failed to report it.

235.    UVA admits the allegations in paragraph 235.

236.    UVA admits the allegations in paragraph 236.

237.    UVA denies the allegations in paragraph 237.

238.    UVA admits the allegations in paragraph 238.

239.    UVA admits the allegations in paragraph 239.

240.    UVA admits the allegations in paragraph 240 that Roe resigned from his position at UVA on July 9, 2021, that Roe continued to be employed by UVA until that point, and that UVA had not sanctioned Roe while the Title IX investigation process was ongoing, which would be in violation of its legal obligations under Title IX. UVA denies the remaining allegations in paragraph 240.

241.    UVA admits in part and denies in part the allegations in paragraph 241. UVA admits that Magill issued the letter in question on August 5, 2021, and that it imposed the following

25

sanctions on Roe: (1) he will not be eligible for emeritus status; and (2) he will not be eligible for rehire at the University in any capacity; nor will he be eligible to volunteer in any capacity. UVA denies the remaining allegations in paragraph 241.

242.    UVA denies the allegations contained in paragraph 242.

243.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243 regarding what Plaintiff thought and understood and what Roe's intentions were and thus denies the same. UVA denies the remaining allegations in paragraph 243.

244.    UVA admits the allegations in paragraph 244.

245.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245 and thus denies the same

246.    UVA denies the allegations set out in paragraph 246.

247.    UVA admits the Title IX process took 493 days to complete and asserts that there was good cause for it to take that long to complete. UVA denies the remaining allegations in paragraph 247.

248.    UVA denies the allegations in paragraph 248.

249.    In response to the allegations in paragraph 249, the document speaks for itself such that no response is required. To the extent a response is required, UVA denies the same.

250.    In response to the allegations in paragraph 250, the regulations speak for themselves such that no response is required. To the extent a response is required, UVA denies the same.

251.    In response to the allegations in paragraph 250, the regulations speak for themselves such that no response is required. To the extent a response is required, UVA denies the same.

252.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 252 and thus denies the same.

253.    In response to the allegations in paragraph 253, the Final Investigation Report speaks for itself such that no response is required. To the extent a response is required, UVA denies the same.

254.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254 regarding what Plaintiff thought or realized upon reading the Final Investigation Report and thus denies the same. UVA denies the remaining allegations in paragraph 254(a), 254(b), 254(c), and 254(d).

255.    UVA denies the allegations in paragraph 255. Biemann had no knowledge of any romantic/sexual relationship between Plaintiff and Roe until Plaintiff told him on February 17, 2020. The Final Investigation Report does not indicate in any way that Biemann, or any other UVA employee, knew of Roe's relationship with Plaintiff prior to Plaintiff's report to Biemann on February 17, 2020.

256.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 256 regarding what Plaintiff thought upon reading the Final Investigation Report and thus denies the same. UVA denies the remaining allegations in paragraph 256.

257.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 257 regarding what Plaintiff thought upon reading the Final Investigation Report or knew before reading it and thus denies the same. UVA denies the remaining allegations in paragraph 257.

258.    In response to the allegations in paragraph 258, UVA's policy, ECF No. 11-1, speaks for itself and thus no response is required. UVA denies the remaining allegations in paragraph 258.

Plaintiff's Title IX claim alleging that the University was deliberately indifferent to her reporting in February 2020 has been dismissed. ECF No. 43.

259.    UVA denies the allegations in paragraph 259.

260.    In response to the allegations in paragraph 260 of the Amended Complaint, UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's employment, health, and well-being and thus denies the same. UVA denies the remaining allegations in paragraph 260..

261.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261 regarding Doe's diagnoses and thus denies the same. UVA denies the allegations in paragraph 261 that allege that Doe was harmed by UVA's Title IX investigation.

262.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262 and thus denies the same.

263.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 263 regarding her ability to hold employment during the investigation and thus denies the same. UVA denies the allegations in paragraph 263 to the extent that they allege UVA's conduct of the investigation was improper, that the investigation prevented her from holding gainful employment, and that UVA's investigation damaged Plaintiff in any way.

264.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 264 regarding her ability to hold employment during the investigation. UVA denies the allegations in paragraph 264 to the extent that they allege UVA's conduct of the investigation was improper, that the investigation prevented her from holding gainful employment, and that UVA's investigation damaged Doe in any way.

265.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265 and thus denies the same.

266.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266 and thus denies the same.

267.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267 and thus denies the same.

268.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 268 and thus denies the same.

269.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269 and thus denies the same.

270.    UVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 270 and thus denies the same.

271.    UVA incorporates by reference its responses to paragraphs 1-270.

272.    Paragraph 272 is a legal statement to which no response is required.

273.    UVA denies the allegations contained in paragraph 273 and subparts a., b., c., and d.

274.    UVA admits the allegations contained in paragraph 274 to the extent consistent with the findings of its Final Investigation Report and the Review Panel Determination with the exception that UVA denies that Roe subjected Plaintiff to sex-based abuse and harassment committed by Roe after February 14, 2020.

275.    UVA denies the allegations contained in paragraph 275.

276.    UVA denies the allegations contained in paragraph 276.

277.    UVA denies the allegations contained in paragraph 277.

278.    UVA denies the allegations contained in paragraph 278.

279.    UVA admits that Plaintiff notified it of Roe's sexual harassment of her on March 15, 2020, that the Title IX office imposed a no-contact directive, and that the Title IX investigation took 493 days from start to finish. UVA denies the remaining allegations in paragraph 279. UVA denies that it responded inappropriately to Plaintiff's report of Roe's sexual harassment.

280.    UVA denies the allegations contained in paragraph 280.

281.    UVA denies the allegations contained in paragraph 281.

282.    UVA denies the allegations contained in paragraph 282.

283.    UVA denies the allegations contained in paragraph 283.

284.    UVA denies the allegations contained in paragraph 284.

285.    UVA denies the allegations contained in paragraph 285.

286.    UVA denies the allegations contained in paragraph 286.

287.    Paragraphs 287 through 296 correspond to Plaintiff's Count II against Emily Babb and Akia Haynes. The parties filed a joint stipulation of dismissal of Count II on October 25, 2023 (ECF No. 37). Emily Babb and Akia Haynes were dismissed from this lawsuit on October 30, 2023 (ECF No. 38). Accordingly, no response is necessary to these paragraphs.

288.    No response is necessary as this paragraph corresponds to a dismissed count.

289.    No response is necessary as this paragraph corresponds to a dismissed count.

290.    No response is necessary as this paragraph corresponds to a dismissed count.

291.    No response is necessary as this paragraph corresponds to a dismissed count.

292.    No response is necessary as this paragraph corresponds to a dismissed count.

293.    No response is necessary as this paragraph corresponds to a dismissed count.

294.    No response is necessary as this paragraph corresponds to a dismissed count.

295.     No response is necessary as this paragraph corresponds to a dismissed count.

296.     No response is necessary as this paragraph corresponds to a dismissed count.

297.     Paragraphs 297 through 312 correspond to Plaintiff's Count III against Emily Babb and Akia Haynes. The parties filed a joint stipulation of dismissal of Count III on October 25, 2023 (ECF No. 37). Emily Babb and Akia Haynes were dismissed from this lawsuit on October 30, 2023 (ECF No. 38). Accordingly, no response is necessary to these paragraphs.

298.     No response is necessary as this paragraph corresponds to a dismissed count.

299.     No response is necessary as this paragraph corresponds to a dismissed count.

300.     No response is necessary as this paragraph corresponds to a dismissed count.

301.     No response is necessary as this paragraph corresponds to a dismissed count.

302.     No response is necessary as this paragraph corresponds to a dismissed count.

303.     No response is necessary as this paragraph corresponds to a dismissed count.

304.     No response is necessary as this paragraph corresponds to a dismissed count.

305.     No response is necessary as this paragraph corresponds to a dismissed count.

306.     No response is necessary as this paragraph corresponds to a dismissed count.

307.     No response is necessary as this paragraph corresponds to a dismissed count.

308.     No response is necessary as this paragraph corresponds to a dismissed count.

309.     No response is necessary as this paragraph corresponds to a dismissed count.

310.     No response is necessary as this paragraph corresponds to a dismissed count.

311.     No response is necessary as this paragraph corresponds to a dismissed count.

312.     No response is necessary as this paragraph corresponds to a dismissed count.

313.     Paragraphs 313 through 325 correspond to Plaintiff's Count IV against Emily Babb. The parties filed a joint stipulation of dismissal of Count IV on October 25, 2023 (ECF No. 37).

31

Emily Babb was dismissed from this lawsuit on October 30, 2023 (ECF No. 38). Accordingly, no response is necessary to these paragraphs.

314. No response is necessary as this paragraph corresponds to a dismissed count.

315. No response is necessary as this paragraph corresponds to a dismissed count.

316. No response is necessary as this paragraph corresponds to a dismissed count.

317. No response is necessary as this paragraph corresponds to a dismissed count.

318. No response is necessary as this paragraph corresponds to a dismissed count.

319. No response is necessary as this paragraph corresponds to a dismissed count.

320. No response is necessary as this paragraph corresponds to a dismissed count.

321. No response is necessary as this paragraph corresponds to a dismissed count.

322. No response is necessary as this paragraph corresponds to a dismissed count.

323. No response is necessary as this paragraph corresponds to a dismissed count.

324. No response is necessary as this paragraph corresponds to a dismissed count.

325. No response is necessary as this paragraph corresponds to a dismissed count.

326. In response to the "WHEREFORE" unnumbered paragraph in the "Relief Requested" section, UVA denies the allegations and deny that Plaintiff is entitled to any damages, attorney fees, or any relief whatsoever under Title IX or any other theory of recovery.

<u>AFFIRMATIVE DEFENSES</u>

327. UVA asserts that Plaintiff has failed to state a claim under Title IX.

328. UVA asserts that Plaintiff's Title IX claim based on UVA allegedly having actual notice of Roe's sexual harassment in December 2018 and/or January 2019 is barred by the statute of limitations.

32

329.    UVA asserts that its actions and response to Plaintiff reporting in March 2020 that Roe's actions were not consensual were appropriate and reasonable and consistent with its legal duties and obligations.

330.    UVA asserts that Plaintiff's request for emotional distress and punitive damages are not available under Title IX.

331.    UVA asserts that Plaintiff fails to allege a basis for exemplary and punitive damages.

332.    UVA asserts that Plaintiff failed to mitigate her damages.

333.    UVA asserts that Plaintiff is not injured in the nature and to the extent alleged.

334.    UVA denies that it is indebted to Plaintiff in any manner for any amount, including but not limited to attorney fees and costs.

335.    UVA denies any and all allegations in the Amended Complaint not specifically admitted in this Answer.

336.    UVA reserves the right to amend its responses in this Answer and to set forth any additional defenses which may come to light or otherwise reveal themselves in the course of the litigation including during discovery and at trial.

WHEREFORE, Defendant, the Rector and Visitors of the University of Virginia, respectfully requests that this Court dismiss this action with prejudice and award it any other relief deemed appropriate, including attorney's fees, costs, and expenses.

DEFENDANT DEMANDS A TRIAL BY JURY.

Respectfully submitted,

**THE RECTOR AND VISTORS OF THE
UNIVERSITY OF VIRGINIA**

By Counsel:___/s/ Christopher P. Bernhardt_____
Christopher P. Bernhardt* (VSB No. 80133)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone:      (804) 371-0977
Facsimile:      (804) 371-2087
Email: cbernhardt@oag.state.va.us

Jason S. Miyares
Attorney General of Virginia

Steven G. Popps
Deputy Attorney General

Jacqueline C. Hedblom
Senior Assistant Attorney General/ Trial Section Chief

Christopher P. Bernhardt* (VSB No. 80133)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone:      (804) 371-0977
Facsimile:      (804) 371-2087
Email: cbernhardt@oag.state.va.us

Amy E. Hensley* (VSB No. 80470)
Associate University Counsel/Assistant Attorney General
Madison Hall
1827 University Avenue
Charlottesville, Virginia 22904
Telephone:      (434) 924-3685
Email: aehensley@virginia.edu
*Counsel of Record

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2024, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send an electronic notification of the same (NEF) to counsel of record for the plaintiff.

By:    /s/ Christopher P. Bernhardt
Christopher P. Bernhardt (VSB No. 80133)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone:    (804) 371-0977
Facsimile:    (804) 371-2087
Email: cbernhardt@oag.state.va.us