IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **JANE DOE,** | |
| **Plaintiff,** | |
| v. | Case No. 3:23-cv-00018-RSB |
| **THE UNIVERSITY OF VIRGINIA, et al.,** | |
| **Defendants.** | |

## JOINT STIPULATED PROTECTIVE ORDER

CAME THIS DAY Plaintiff Jane Doe and Defendant Rector and Visitors of the University of Virginia (herein the "Parties") upon a Joint Motion for Entry of Joint Stipulated Protective Order. This Court, having determined that certain documents and information produced during discovery in this litigation should be kept confidential to protect confidential and sensitive academic, medical , and personal information, and because good cause has been shown, **GRANTS** the Joint Motion for Entry of Joint Stipulated Protective Order and **ORDERS** pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the consent of the Parties, that the following provisions shall govern documents and information produced in discovery in this litigation:

1. **Definitions.**

For the purposes of this Joint Stipulated Protective Order only:

A. "Document" includes, but is not limited to, the paper and electronic originals and all non-identical copies of all statements; affidavits; e-mails; text messages; letters; contracts; records; memoranda; inter and intra office memoranda; papers; notes; minutes of meetings; bills;

invoices; reports; studies; computer disks; flash drives; medical reports; electronic mail; calendar and diary entries; database entries; photographs; graphs, charts, tabulations, analysis, working papers, statistical or informational accumulations, audio or video recordings, notes or recollections of interviews, conferences, telephone calls, meetings or other types of communications; drafts or preliminary revisions of all of the above; any other written, printed, typed or other graphic matter of any nature, no matter how produced or reproduced; those materials produced pursuant to the applicable discovery rules; interrogatory answers; responses to requests for admissions; deposition transcripts and exhibits; pleadings; motions; affidavits; and/or briefs and exhibits.

B. "Confidential document" and/or "Confidential information" means any document or information contained in documents, testimony, or other materials that bears the legend, or is otherwise designated, "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" and that the producing person or a party to this action believes in good faith to contain confidential information, including such information set forth in Rule 26(c) of the Federal Rules of Civil Procedure and confidential personal information pertaining to the Parties. The marking "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall be applied prior to or at the time that the documents are produced or disclosed. As set out in greater detail below, ff a party produces a document but inadvertently fails to designate it as Confidential Information, the producing party may notify the receiving party that the document should be designated as Confidential. The receiving party then must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. A producing party shall designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only upon a good faith belief and basis that such information constitutes

sensitive medical records, including but not limited to psychotherapy notes and records and other medical documentation, or private academic records or information that the producing party is justified in using this more exacting designation.

The designation of materials as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this Order.

To the extent counsel for the non-producing party determines that it is reasonably necessary to share information or documents designated as "CONFIDENTIAL – FOR COUNSEL ONLY" with a represented party, counsel shall identify the documents or information requested to be shared and, to enable counsel to assess the need, a general or non-privileged basis therefore to opposing counsel.  Counsel for the Parties shall meet and confer regarding the request.  Applying the marking  "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" to  a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

Production of any information or document inadvertently not designated confidential shall not itself be deemed a waiver of the producing party's claim of confidentiality as to such matter, and the producing party to this action may thereafter designate the same as confidential.  All documents produced shall be treated as though they were confidential documents for five (5) business days after their production to allow any party to this action to designate any of such documents as may be appropriate as confidential if the producing person has not done so. Thereafter a party may retroactively designate any information produced in discovery in whatever form as confidential provided there is a good faith basis for so designating the information, but any party previously relying upon the non-confidential nature of produced information or

3

documentation and, thus, using the same in the permissible course of this litigation for any reason prior to such retroactive assignment shall not be in violation of this Order.

C. "UVA's Counsel" or "University Counsel" means counsel of record and attorneys in the Rector and Visitors of the University of Virginia's general counsel office.

**2. Use of Information and Documents.**

All persons obtaining access to confidential information or documents in this action shall use the information or documents only for preparation and trial of this action, including any appeal and retrial, and shall not use such information or documents for any other purpose, including for business or governmental purposes or for any administrative or other judicial proceeding.

**3. Permissible Disclosure of Confidential Information and Documents.**

Except under further Order of the Court, material designated or considered "CONFIDENTIAL" pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to any person, except the Court (including the Clerk's office); the Parties; counsel for the Parties; the staff members and professional and para-professional employees of the Parties and counsel for the Parties; any experts and other consultants, including their clerical staff, engaged by either party regarding this action; court reporters used in this lawsuit; the author or recipient of the confidential information; any deposition witness who is appearing on behalf of the party that produced the confidential information; and any other person(s) to whom the Parties agree in writing. Material designated or considered "CONFIDENTIAL – FOR COUNSEL ONLY" pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to any person, except the Court (including the Clerk's office), counsel for the Parties, any experts and other consultants, including their clerical staff, engaged by either party regarding this action, court reporters used in this lawsuit, the author or recipient of the confidential information, any

deposition witness who is appearing on behalf of the party that produced the confidential information, and any other person(s) to whom the Parties agree in writing or otherwise permissible under the terms of this Order following any meet and confer on the same. Third-party fact witnesses who are not current or past UVA employees shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain copies of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

Notwithstanding the provisions of the preceding paragraphs, the Parties may disclose to persons who may be called as witnesses in the case during trial or discovery documents designated as "CONFIDENTIAL" that counsel believes in good faith to be necessary for the adequate preparation or presentation of the case. Prior to any such disclosure under this paragraph, counsel shall inform the witness of the provisions of this Order and obtain his or her written agreement to be bound by this Joint Stipulated Protective Order as in **Exhibit 1** hereto.

4.     **Good Faith Efforts.**

The Parties and their counsel agree to use their best efforts to designate as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" in accordance with Section 1(B) herein. The attorneys for the Parties agree to negotiate in good faith regarding the redaction of reasonable numbers of documents, if necessary and requested by another party, where the document has been designated as confidential but portions of its content are not "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

**5.     Designation of Confidential Portions of Depositions.**

A.     All testimony which refers or relates to previously designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" documents or information, and all deposition exhibits that consist of confidential documents or contain information previously designated as confidential, shall automatically be deemed designated confidential.

B.     A party may designate deposition testimony as Confidential information by indicating on the record at the deposition that the testimony is Confidential information.  Not more than fourteen (14) days after receiving a deposition transcript, any of the Parties or the deponent may designate specific testimony or transcript pages as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by written notice to counsel for all Parties and the deponent.  Except for the use of transcripts to support dispositive motions, until the expiration of the 14-day period, the entire deposition testimony and transcript shall be treated as confidential.  At the end of the 14-day period, each portion of testimony or page of the transcript will be confidential if so designated by any party or by the deponent during the period, subject to Section 7 of this Order.

**6.     Court Procedures.**

With respect to the use of Confidential information in connection with court filings, the parties shall confer in good faith and agree to either redact Confidential information or file the documents containing Confidential information under seal pursuant to the procedures set forth in Local Civil Rule 9.

**7.     Challenges to Designations of Confidentiality.**

Any party may, at any time after attempting to resolve the matter by agreement, apply by motion to the Court for a ruling that certain documents or testimony designated as confidential, or the information therein, are not entitled to confidential status or protection. The confidential status

of the documents, testimony, and/or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom.

No party shall be obligated, however, to challenge the propriety of the designation of any material as confidential, and a failure to do so shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such material to persons not referred to in Paragraph 3 hereof.

**8.     Nonwaiver of Objections to Discovery.**

Nothing herein shall affect any person's right to object specifically to any discovery request, including the right to assert that no discovery should be had of certain documents or information.  Nor shall anything herein affect any person's right to seek the production of documents, testimony, or any other information from any other source.

**9.     Use of Confidential Documents or Information at Trial**.

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. The parties agree that they will address the presentation of Confidential Information at a hearing or trial at the final pretrial conference or through a joint motion. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

**10.    Procedure Upon Unauthorized Disclosure.**

If "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" information or documents under the terms of this Joint Stipulated Protective Order are disclosed to any person other than one entitled to disclosure in the manner authorized hereunder, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent

further disclosure by the unauthorized person. Notwithstanding the foregoing, counsel of record are responsible for employing reasonable measures to control duplication of, access to, and distributions of "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" information or documents.

**11. Procedure Upon Termination of Litigation.**

  A. <u>Order Continues in Force.</u> Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

  B. Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

**12. Court's Jurisdiction.**

The Court retains jurisdiction to make such amendments, modifications, deletions, and additions to this Joint Stipulated Protective Order as the Court may from time to time deem appropriate. The provisions herein regarding the use and/or disclosure of "CONFIDENTIAL" information and "CONFIDENTIAL – FOR COUNSEL ONLY" information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to the terms herein.

**13. Right to Seek Modification.**

This Joint Stipulated Protective Order was entered, in part, to anticipate and settle a future discovery dispute and nothing herein shall be construed to limit, restrict, or otherwise affect the ability of the Parties to seek by motion the modification or revision or amendment of this Order. The fact that a party sought entry of this Joint Stipulated Protective Order may not be raised as a defense to or argument against any such motion.

**14. Persons Bound.**

This Order shall take effect when entered and shall be binding upon all counsel of record

and their law firms, the parties, and persons made subject to this Order by its terms.

It is so **ORDERED**. Let the Clerk send a copy of this Order to all counsel of record herein.

ENTERED: _____, 2024

_____

The Honorable United States District Judge


**WE ASK FOR THIS**:

| | |
|---|---|
| JANE DOE | THE RECTOR AND VISTORS OF THE UNIVERSITY OF VIRGINIA |
| By: /s/ *Devon J. Munro*<br>         Counsel | By: */s/ Christopher P. Bernhardt*<br>         Counsel |
| Devon J. Munro (VSB # 47833)<br>Munro Byrd, P.C.<br>120 Day Ave. SW, First Floor<br>Roanoke, Virginia 24016<br>Telephone: (540) 283-9343<br>Email: dmunro@trialsva.com | Christopher P. Bernhardt (VSB No. 80133)<br>Assistant Attorney General<br>Office of the Virginia Attorney General<br>202 North 9th Street<br>Richmond, Virginia 23219<br>Telephone:     (804) 371-0977<br>Facsimile:     (804) 371-2087<br>Email: cbernhardt@oag.state.va.us |
| Elizabeth Abdnour<br>Pro Hac Vice<br>Abdnour Weiker, LLP<br>500 E. Michigan Ave., Ste. 130<br>Lansing, Michigan 48912<br>Telephone: (517) 994-1776<br>Email: liz@education-rights.com<br>*Counsel for Plaintiff* | Amy E. Hensley (VSB No. 80470)<br>Associate University Counsel/Assistant Attorney General<br>Madison Hall<br>1827 University Avenue<br>Charlottesville, Virginia 22904<br>Telephone:     (434) 924-3685<br>Email: aehensley@virginia.edu<br>*Counsel for Defendant* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

| | |
|---|---|
| **JANE DOE,**<br><br>         **Plaintiff,**<br><br>v.<br><br>**THE UNIVERSITY OF VIRGINIA, et al.,**<br><br>         **Defendants.** | **Case No. 3:23-cv-00018-RSB** |

## EXHIBIT 1 TO JOINT STIPULATED PROTECTIVE ORDER

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, the undersigned, hereby acknowledge receipt of a copy of the Joint Stipulated Protective Order (the "Order") entered by the United States District Court for the Western District of Virginia, Charlottesville Division, in Case No. 3:23-cv-00018-RSB. I hereby agree to be bound by the terms of the Order and shall not disclose or make use of any documents, material, or information designated by the Parties as confidential except as permitted by the Order.

_____     _____
Name                                                                    Signature

                                                                              _____
                                                                              Title

                                                                              _____
                                                                              Date