CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 10, 2024
LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
       DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| **JANE DOE,** | ) |
| | ) |
| | )    Civil Action No. 3:23-cv-18 |
|     **Plaintiff,** | ) |
| | )    **By: Hon. Robert S. Ballou** |
| v. | )    **United States District Judge** |
| | ) |
| **THE UNIVERSITY OF VIRGINIA** | ) |
| *et al.*, | ) |
| | ) |
| | ) |
|     **Defendants.** | ) |

## TRIAL ORDER

This case is set for a jury trial on December 9, 2024, beginning at 9:00 a.m. at the federal courthouse in Charlottesville, Virginia. To administer the trial of this case in a manner that is fair, just, and efficient it is **ORDERED** as follows:

**I.  JURY**

1. The jury will consist of eight persons. Attorneys will be permitted to conduct voir dire after preliminary questions from the court. The court's voir dire will solicit any requests from jurors to be excused from jury duty on the grounds of hardship. Attorneys' voir dire is expected to be limited to relevant questions and may not consist of disguised argument on the merits of the case.

   The venire will be summonsed in one randomly selected panel. The panel is scheduled for 9:00 a.m. After the panel is questioned, counsel will be given an opportunity to make challenges for cause and peremptory challenges. Each party will have at least three preemptory challenges.

**II.  PREPARATION**

2. All participants attending the trial in person shall familiarize themselves with the Court's Standing Orders.

3. Counsel shall familiarize themselves with the Zoom and Box.com platforms. Box.com is a file-sharing website and merely a platform to keep, organize, and present exhibits to the jury. Counsel does not need to create an account to utilize the platform.

4. If counsel will be requesting daily transcripts during the trial, they are advised to bring this to the attention of the clerk's office immediately but not later than three (3) days before the first day of trial.

### III.    WITNESSES

5. A party calling a witness to testify remotely shall notify the court at least three (3) business days before the witness will testify. For any witness testifying remotely, counsel shall ensure that they and such witness have the hardware, software, data, bandwidth, and Internet access required to participate remotely, if necessary. Counsel and such witnesses must also download and use the most recent version of Zoom.

6. Counsel may question witnesses and make argument to the court from the lectern or from counsel table. Witnesses will testify from the witness stand. Paper exhibits will not be used but may be electronically displayed to the jury once admitted by the Court. Questions concerning the methods available to display exhibits must be addressed to the Clerk's Office well in advance of trial.

7. Witnesses other than the plaintiff and defendants will be excluded from the courtroom. Witnesses will be released from further attendance as soon as they are no longer needed. After testifying, a witness is deemed released by consent unless counsel or the Court indicates that the witness should not be so released. A witness should not be released if there is any likelihood that the witness may be later called to testify by any party.

8. Counsel are responsible for having sufficiently available witnesses to avoid early adjournments or lengthy recesses. Counsel should keep each other advised of the progress of their case so that each side may be ready to proceed promptly.

### IV.    EXHIBITS

9. Exhibits shall be numbered in advance of trial. Each exhibit's file name should correspond with the exhibit's number. To name the files, the parties should use either "P" for plaintiff or "D" for defendant, followed by the exhibit's number. For example, Plaintiff's exhibit 22 should be labeled "P22" and Defendant's exhibit 13 should be labeled "D13."

10. All exhibits shall be uploaded by counsel to the Box.com platform through one or more links that the deputy clerk will provide by email to counsel prior to the trial date. The exhibits should be uploaded <u>at least two business days</u> before the first day of trial.

11. Counsel shall meet and confer prior to the final pre-trial conference to attempt to resolve any issues regarding the admissibility of evidence or witness testimony.  Counsel should reach stipulations as to the admissibility of exhibits to the extent possible. Exhibits as to which admissibility has been stipulated shall be uploaded to the Box.com folder labeled "*Admitted Exhibits*." Exhibits as to which admissibility is disputed shall be uploaded to

the respective folders labeled "*Plaintiff's Proposed Exhibits*" and "*Defendant's Proposed Exhibits*." At the end of each trial day, the deputy clerk and counsel will confer, and the deputy clerk will transfer into the "*Admitted Exhibits*" folder any exhibits in the parties' respective folders ("*Plaintiff's Proposed Exhibits*" and "*Defendant's Proposed Exhibits*") that have been offered and admitted into evidence.

12. After the close of evidence and before the jury begins deliberating, the deputy clerk and counsel will confer and confirm that the "Admitted Exhibits" folder accurately reflects the evidence admitted during trial. During their deliberation, the jurors will be provided access to the Box.com folder for "*Admitted Exhibits*" only.

13. Hard copies of all exhibits shall be delivered to the below address, <u>at least two business days</u> before the first day of trial.

    United States District Court for the Western District of Virginia
    Attention: Judge Ballou's Chambers
    210 Franklin Road, S.W., Suite 206
    Roanoke, Virginia 24011

14. These exhibits shall be bound in one or more three-ring notebooks and appropriately tabbed by exhibit number.

15. If a witness is appearing remotely, the witness shall have available a copy of any exhibit that he or she will be expected to use or examine during the trial. The witness shall not access any copy of an exhibit unless and until instructed to do so by the examining counsel.

16. The court will address issues involving the admissibility of exhibits at the final pretrial conference. To the extent possible, the court will rule on the admissibility of exhibits before a witness who is expected to use or examine such exhibits testifies.

## V.   JURY INSTRUCTIONS

17. Proposed jury instructions must be filed electronically through CM/ECF at least seven (7) days prior to trial. The parties should also email the proposed jury instructions in Word format, with citations, to Ballou.ecf@vawd.uscourts.gov, copying opposing counsel.

Entered: September 10, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge