IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| JANE DOE,<br><br>**Plaintiff,**<br><br>v.<br><br>**RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA,**<br><br>**Defendant.** | Case No. 3:23-cv-00018-RSB |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SEAL

Pursuant to Western District of Virginia Local Rule 9, Defendant the Rector and Visitors of the University of Virginia ("UVA" or "Defendant"), through counsel, moves for entry of an order permitting Defendant to file exhibits to its Memorandum in Support of Motion for Summary Judgment (ECF No. 67) and Memorandum in Support of Motion to Exclude Plaintiff's Expert Andrew C. Verzilli (ECF No. 69) under seal. In support thereof, Defendant states as follows:

### BACKGROUND

1. Plaintiff filed this action relating to the Title IX investigation conducted by UVA after Plaintiff reported in March 2020 that a professor had grabbed her without her consent during a study abroad trip in December 2018 and January 2019. After the investigation resulted in a finding that there was sufficient evidence to conclude that the professor sexually assaulted Plaintiff, UVA barred the professor from ever working at UVA again.

2. As part of its investigation, UVA prepared a Draft Investigation Report and a Final Investigation Report, which set out extensive details regarding sexual contact between Plaintiff and John Roe. Am. Compl. ¶¶ 231-232, ECF No. 21.

1

3. Plaintiff claims that UVA was deliberately indifferent to actual notice that John Roe was sexually harassing her. *Id.* at ¶¶ 267-68. Plaintiff alleges that almost every aspect of UVA's Title IX investigation and proceedings were flawed and amounted to deliberate indifference. *Id.* at ¶ 277.

4. This Court granted Plaintiff leave to proceed under a pseudonym. ECF No. 44.

5. In their Joint Status Report, the parties informed the Court that they would confer in good faith regarding what documents can be filed with redactions and what documents need to be filed under seal. ECF No. 51,

6. On September 24, 2024, counsel for the parties conferred regarding what documents could be filed with redactions and what documents needed to be filed under seal in relation to UVA's then forthcoming Motion for Summary Judgment.

7. On September 25, 2024, consistent with the scheduling order, UVA filed its Motion for Summary Judgement (ECF No. 66) and supporting memorandum (ECF No. 67) and Motion to Exclude Plaintiff's Expert Andrew C. Verzilli (ECF No. 68) and supporting memorandum (ECF No. 69).

8. Defendant seeks leave to file the following documents under seal:

a. Plaintiff Deposition Transcript. ECF No. 67-1.

b. April 30, 2021 Final Investigation Report and Exhibits. ECF No. 67-4.

c. March 11-16, 2020 Laurie Casteen Emails with Plaintiff. ECF No. 67-8.

d. John Roe Deposition Transcript. ECF No. 67-10.

e. Plaintiff's UVA Student Disability Access Center Accommodations. ECF No. 67-15.

f. March 31, 2020 Notice of Investigation to Plaintiff. ECF No. 67-17.

g. Plaintiff's UVA Academic Transcript. ECF No. 67-21.

h.  May 21, 2020 Amended Notice of Investigation to Plaintiff. ECF No. 67-22.

i.  August 26, 2020 Draft Investigation Report to Plaintiff with Exhibits. ECF No. 67-26.

j.  August 26-30, 2020 Laurie Casteen Emails to Plaintiff. ECF No. 67-27.

k.  November 2, 2020 Second Amended Notice of Investigation to Plaintiff. ECF No. 67-28.

l.  July 7, 2021 Review Panel Decision and Recommendation. ECF No. 67-31.

m.  August 5, 2021 Executive Review Decision from Provost. ECF No. 67-34.

n.  Plaintiff's Resume Provided to Plaintiff's Expert Andrew Verzilli. ECF No. 67-37.

o.  Plaintiff's Father Deposition Transcript. ECF No. 67-38.

p.  Plaintiff's April 24, 2024 Initial Disclosures. ECF No. 67-39.

q.  Plaintiff's September 6, 2024 Supplemental Response to Defendant's 1st Discovery Requests. ECF No. 67-40.

r.  Plaintiff's Response to Defendant's 2nd Discovery Requests. ECF No. 67-41.

s.  Plaintiff's September. 10, 2024 Supplemental Response to Defendant's 1st Discovery Requests. ECF No. 67-42.

t.  Plaintiff's High School Transcript. ECF No. 69-2.

u.  September 10, 2024 P.E. Deposition Transcript. ECF No. 69-3.

9. Defendant, by counsel, deposed Plaintiff and questioned her regarding personal and sensitive details, including those relating to Plaintiff's mental health. While all references to Plaintiff's real name were changed to "Jame Doe" in the deposition transcript, there are personal details that could be used to determine the true identity of Plaintiff.

10. It is Defendant's understanding, based on the September 24, 2024 conference with Plaintiff's counsel, that Plaintiff agrees with the granting of this motion.

ARGUMENT

Although "[t]here is a general presumption in favor of 'public access' to documents in the files of the courts . . . [a] district court has discretion to seal documents when the 'public's right of access is outweighed by competing interests.'" *Klon Indus. v. E.I. Du Pont de Nemours & Co.*, No. 3:11-cv-622, 2012 U.S. Dist. LEXIS 55982, at *4 (E.D. Va. Apr. 20, 2012) (quoting *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "Before sealing documents, district courts must: '(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting [the] decision to seal the documents and for rejecting the alternatives.'" *Id.* (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)).

The docketing of this Motion to Seal and Memorandum in Support satisfies the "public notice" element of the procedural portion of the Fourth Circuit's sealing standard. *See Clehm v. BAE Sys., Inc.*, No. 7:16-cv-12, 2017 U.S. Dist. LEXIS 40326, at *3-4 (W.D. Va. Mar. 21, 2017).

Defendant asks this Court for leave to file under seal the documents described in Paragraphs 8. a.-u. above.

These documents include details of incidents of sexual contact between Plaintiff and the professor John Roe as well as the testimony of former UVA students. In addition to containing highly sensitive and personal information, these documents are "education records" that are covered by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

Redactions are not sufficient to protect the identities of Plaintiff and other UVA students. Even if Defendant redacted all mentions of Plaintiff's name, that would not sufficiently protect the confidential and sensitive nature of these documents. Due to the nature and detail in the notices of

4

investigation and the Draft and Final Investigation Reports, the identify of Plaintiff could be discovered, even with redactions.

Furthermore, due to the volume of the records, particularly the Draft Investigation Report and Final Investigation Report and their exhibits, it is not feasible to redact all mentions of Plaintiff's name and the names of the UVA students.

Other documents that do not directly relate to the Title IX investigation could be used to determine the real identity of Plaintiff even with redactions, such as Plaintiff's UVA and High School Transcripts (ECF Nos. 67-21 and 69-2) and the deposition of Plaintiff's father (ECF No. 67-38).

Plaintiff's discovery responses contain personal and sensitive details about her damages, including Plaintiff's mental health (ECF Nos. 67-39, 67-40, 67-41, and 67-42).

The September 10, 2024 P.E. Deposition Transcript was marked as confidential by the parties and the attorney for P.E. and contains personal and sensitive material regarding Plaintiff. ECF No. 69-3.

Finally, Plaintiff is in no way prejudiced by sealing these exhibits. Plaintiff seeks to protect and keep confidential her own identity. Plaintiff filed this action under a pseudonym. ECF No. 21 at 1 n.1. Plaintiff sought leave to proceed under pseudonym, which this Court granted. ECF No. 44. For all the depositions in this matter, Plaintiff, with the agreement of counsel for Defendant, has changed any reference to Plaintiff's real name to the pseudonym Jane Doe. Sealing these documents would serve Plaintiff's goal of protecting her identity.

Pursuant to Local Rule 9(b)(2), Defendant, by counsel, tenders to the Court, in camera, the documents proposed to be sealed. Electronic PDF copies of these documents will be submitted on a USB flash drive delivered to the Clerk's office.

Defendant proposes to seal these exhibits for the duration that this matter is active on the docket of this Court and any appeals thereafter, and, at the conclusion of any appeal, that the exhibits would be removed from the records of this Court and be destroyed or returned to the parties.

## CONCLUSION

For the reasons set out above, Defendant the Rector and Visitors of the University of Virginia moves for entry of an order permitting submission, under seal, of the documents identified herein as exhibits to Defendant's Memorandum in Support of Motion for Summary Judgment (ECF No. 67) and Memorandum in Support of Motion to Exclude Plaintiff's Expert Andrew C. Verzilli (ECF No. 69) Respectfully submitted,

**THE RECTOR AND VISTORS OF THE UNIVERSITY OF VIRGINIA**

By Counsel:  */s/ Christopher P. Bernhardt*
Christopher P. Bernhardt* (VSB No. 80133)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone:(804) 371-0977
Facsimile: (804) 371-2087
Email: cbernhardt@oag.state.va.us
**Counsel of Record for Defendant*

Amy E. Hensley* (VSB No. 80470)
Associate University Counsel/Assistant Attorney General
1827 University Avenue
Charlottesville, Virginia 22904
Telephone: (434) 924-3685
Email: aehensley@virginia.edu
**Counsel of Record for Defendant*

Jason S. Miyares
Attorney General of Virginia

Thomas J. Sanford
Deputy Attorney General

Jacqueline C. Hedblom
Senior Assistant Attorney General/ Trial Section Chief

## CERTIFICATE

I hereby certify that on September 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

*/s/ Christopher P. Bernhardt*
Christopher P. Bernhardt* (VSB No. 80133)
Assistant Attorney General
