## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| **JANE DOE,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:23-cv-00018-RSB** |
| **RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA,** | |
| **Defendant.** | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Plaintiff Jane Doe, through undersigned counsel, moves for entry of an order permitting her to file exhibits to her briefs in opposition to Defendant's Memorandum in Support of Motion for Summary Judgment (ECF No. 67) and Memorandum in Support of Motion to Exclude Plaintiff's Expert Andrew C. Verzilli (ECF No. 69) under seal pursuant to Local Rule 9. In support thereof, Plaintiff states as follows:

### BACKGROUND

Plaintiff filed this action relating to the Title IX investigation conducted by UVA after Plaintiff reported sexual assault at the hands of a UVA professor.  As part of its investigation, UVA prepared a Draft Investigation Report and a Final Investigation Report, which set out extensive details regarding sexual contact between Plaintiff and John Roe. Am. Compl. ¶¶ 231-232, ECF No. 21.  Plaintiff claims that UVA was deliberately indifferent to actual notice that John Roe was sexually harassing her. *Id.* at ¶¶ 267-68. Plaintiff alleges that almost every aspect of UVA's Title IX investigation and proceedings were flawed and amounted to deliberate indifference. *Id.* at ¶ 277.  This Court granted Plaintiff leave to proceed under a pseudonym. ECF

1

No. 44.  In their Joint Status Report, the parties informed the Court that they would confer in good faith regarding what documents can be filed with redactions and what documents need to be filed under seal. ECF No. 51.  On October 15 and 16, 2024, counsel for the parties conferred via email regarding what documents could be filed with redactions and what documents needed to be filed under seal in relation to Plaintiff's forthcoming briefs in opposition to UVA's Motion for Summary Judgment and Motion to Exclude Plaintiff's Expert Andrew C. Verzilli.

On September 25, 2024, consistent with the scheduling order, UVA filed its Motion for Summary Judgement (ECF No. 66) and supporting memorandum (ECF No. 67) and Motion to Exclude Plaintiff's Expert Andrew C. Verzilli (ECF No. 68) and supporting memorandum (ECF No. 69). Plaintiff seeks leave to file exhibits under seal in her briefs being filed in opposition to these motions on October 16, 2024.

Plaintiff seeks leave to file the following documents under seal:

a. Ex. 1 to Mot. Summ. J. response, UVA list of people trained, UVA 005968, ECF No. 88-1;

b. Ex. 2 to Mot. Summ. J. response, Advisor list, UVA004602-004604, ECF No. 88-2;

c. Ex. 3 to Mot. Summ. J. response, Grossman letter, UVA009954-009961, ECF No. 88-3;

d. Ex. 4 to Mot. Summ. J. response, Plaintiff's declaration, ECF No. 88-4;

e. Ex. 5 to Mot. Summ. J. response, 7/12/24 UVA response to Plaintiff's discovery requests, ECF No. 88-5;

f. Ex. 6 to Mot. Summ. J. response, Casteen emails, UVA004852-004858, ECF No. 88-6;

g. Ex. 7 to Mot. Summ. J. response, Breen emails, UVA011820-011821, ECF No. 88-7;

h. Ex. 8 to Mot. Summ. J. response, Roe transcript excerpts, ECF No. 88-8;

i. Ex. 11 to Mot. Summ. J. response, Plaintiff transcript excerpts, ECF No. 88-11;

2

j.   Ex. 12 to Mot. Summ. J. response, Ramirez transcript excerpts, ECF No. 88-12;

k.   Ex. 13 to Mot. Summ. J. response, Biemann transcript excerpts, ECF No. 88-13;

l.   Ex. 14 to Mot. Summ. J. response, Esmati transcript excerpts, ECF No. 88-14;

m.   Ex. 15 to Mot. Summ. J. response, Esmati texts, PLAINTIFF_003070-81, ECF No. 88-15;

n.   Ex. 16 to Mot. Summ. J. response, DC OAHR charge of discrimination, IMM024-026, ECF No. 88-16; and

o.   Ex. 2 to Mot. to Exclude response, Plaintiff email to Casteen, UVA008166, ECF No. 89-2..

Plaintiff, Roe, Professor Biemann, her father, and her former coworker were deposed and questioned about personal and sensitive details, including Plaintiff's mental health and her romantic and sexual history. While all references to Plaintiff's real name were changed to "Jane Doe" in the deposition transcripts, there are personal details that could be used to determine her identity.  The remainder of the documents include personal and sensitive details, including Plaintiff's mental health and her romantic and sexual history, and redactions will be insufficient to protect her identity. Based on the October 15 and 16, 2024 email conferences with Defendant's counsel, Defendant does not object to the granting of this motion.

## ARGUMENT

Although "[t]here is a general presumption in favor of 'public access' to documents in the files of the courts . . . [a] district court has discretion to seal documents when the 'public's right of access is outweighed by competing interests.'" *Klon Indus. v. E.I. Du Pont de Nemours & Co.*, No. 3:11-cv-622, 2012 U.S. Dist. LEXIS 55982, at *4 (E.D. Va. Apr. 20, 2012) (quoting *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "Before sealing documents, district

3

courts must: '(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting [the] decision to seal the documents and for rejecting the alternatives.'" *Id*. (quoting *Ashcraft v. Conoco, Inc*., 218 F.3d 288, 302 (4th Cir. 2000)). The docketing of this Motion to Seal and Memorandum in Support would fulfill the "public notice" element of the Fourth Circuit's sealing standard. *See Clehm v. BAE Sys., Inc*., No. 7:16-cv-12, 2017 U.S. Dist. LEXIS 40326, at *3-4 (W.D. Va. Mar. 21, 2017).

Plaintiff seeks to protect and her own identity confidential. Plaintiff filed this action under a pseudonym. ECF No. 21 at 1 n.1. Plaintiff sought leave to proceed under pseudonym, which this Court granted. ECF No. 44.

Plaintiff asks this Court for leave to file under seal the documents described above. These documents contain highly sensitive and personal information about Plaintiff and/or Roe.  The deposition transcript excerpts contain personal and sensitive details about Plaintiff and/or Roe.  Further, identifying Roe could identify Plaintiff due to the nature of their close relationship.  While all references to Plaintiff's real name were changed to "Jane Doe" in the deposition transcripts, there are personal details that could be used to determine her identity.  In one of Roe's deposition pages, his name was inadvertently not changed.  The advisor list, Babb emails, charge of discrimination, email to Casteen, Esmati texts, and Grossman letter were marked as confidential by a party and most contain personal and sensitive material regarding Plaintiff and/or Roe.

Defendant is not prejudiced by and does not object to sealing these exhibits.  Defendant has represented that some of these documents are "education records" that are covered by the

Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and that redactions would not be sufficient to protect the identities of other UVA students. ECF No. 71 at 4. Defendant has marked some of these exhibits as confidential.

For all the depositions in this matter, with the agreement of counsel for Defendant, all references to Plaintiff's real name were changed to the pseudonym Jane Doe. Pursuant to Local Rule 9(b)(2), Plaintiff, by counsel, tenders to the Court, in camera, the documents proposed to be sealed. Electronic PDF copies of these documents will be provided to the Court and Defendant.

Plaintiff proposes to seal these exhibits for the duration that this matter is active on the docket of this Court and any appeals thereafter, and, at the conclusion of any appeal, that the exhibits would be removed from the records of this Court and be destroyed or returned to the parties.

## CONCLUSION

For the reasons set out above, Plaintiff Jane Doe moves for entry of an order permitting submission, under seal, of the documents identified herein as exhibits to Plaintiff's briefs in opposition to Defendant's Memorandum in Support of Motion for Summary Judgment (ECF No. 67) and Memorandum in Support of Motion to Exclude Plaintiff's Expert Andrew C. Verzilli (ECF No. 69).


Dated: October 16, 2024              Respectfully submitted,

                                   *s/Elizabeth K. Abdnour*
                                   Elizabeth K. Abdnour
                                   *Pro Hac Vice*
                                   ABDNOUR WEIKER LLP
                                   500 E. Michigan Ave., Suite 130
                                   Lansing, Michigan 48912
                                   Phone: (517) 994-1776
                                   Fax: (614) 417-5081
                                   liz@education-rights.com

Devon J. Munro (VSB # 47833)
Munro Byrd, P.C.
120 Day Ave. SW, First Floor
Roanoke, Virginia 24016
(540) 283-9343
dmunro@trialsva.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2024, a true and accurate copy of the foregoing document was filed using the Court's ECM/ECF filing system, which will send an electronic notification to all counsel of record.

*s/ Elizabeth K. Abdnour*
Attorney at Law

6