UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| JANE DOE, )<br>  )<br>   Jane Doe, )<br>  )<br>v. )<br>  )<br>RECTOR AND VISITORS OF THE )<br>UNIVERSITY OF VIRGINIA, )<br>  )<br>   Defendant. )<br>_____ ) | Case No. 3:23-cv-00018-RSB |

## DECLARATION

I, LaTosha Barnes, pursuant to 28 U.S.C. § 1746, hereby declare and state as follows:

1. I am over the age of eighteen, and I am competent to testify to the matters described in this Declaration. Unless otherwise indicated, I have personal knowledge of the facts and statements in this Declaration and am prepared to testify to them, among other things, at a hearing or trial related to this matter or the issues or facts discussed in this Declaration.

2. My legal name is LaTosha Barnes. I also go by the name Tosha Barnes.

3. I worked at the Office for Equal Opportunity and Civil Rights at the University of Virginia ("UVA") from August 2016 to June 2022. My title was Equal Opportunity and Civil Rights Specialist. My primary responsibility in this role was as an investigator of complaints related to Preventing and Addressing Discrimination, Harassment, and Retaliation ("PADHR"). I also assisted UVA's Title IX Office, which was part of the Office for Equal Opportunity and Civil Rights, with investigations of alleged violations of UVA's Title IX policy.

4. On August 26, 2020, I sent Plaintiff Jane Doe the Draft Investigation Report and its 46 exhibits. The exhibits to the Draft Investigation Report that I sent Jane Doe included

transcripts of all the interviews conducted up to that time, including the interview we conducted with Asher Biemann. The emails that reflect me sending the Draft Investigation Report and its 46 exhibits to Plaintiff are marked with Bates numbers UVA004898-4899 and UVA004902.

5. Prior to sending Plaintiff the email with the link to the Draft Investigation Report and its exhibits, I placed the Draft Investigation Report, the exhibit list for the Draft Investigation Report, and all of the exhibits to the Draft Investigation Report in a folder on Box, an online data storage platform used by UVA's Title IX Office to receive evidence and documents from parties and witnesses and to share large documents with parties to investigations. The link to the Box folder that I sent Plaintiff on August 26, 2020 gave her access to the folder containing the Draft Investigation Report and all of its exhibits.

6. To the best of my knowledge, neither Plaintiff nor her attorney, Palma Pustilnik, contacted me to state that any of the exhibits were missing from the Box folder I shared that contained the Draft Investigation Report and its exhibits.

7. Stuart Evans, my co-investigator, and I gave Jane Doe and John Roe the opportunity to respond to the Draft Investigation Report and identify additional witnesses and evidence, which was provided for by UVA's Title IX Policy and its procedures for reports against employees.

8. As described in my declaration executed on September 23, 2024, Stuart Evans, my co-investigator, and I gave Jane Doe and John Roe the opportunity to respond to new substantive evidence after the Draft Investigation Report was released on August 26, 2020. We also allowed Jane Doe and John Roe the opportunity to respond to the other side's response to the new evidence.

9. Our internal investigatory practices provided for parties to have the opportunity to respond to new substantive evidence obtained by the investigators before preparing a Final Investigation Report. The reason for this practice was, in part, to allow the parties to feel that they

had been afforded an equal opportunity to respond to substantive evidence that the investigators could rely on in making recommended findings in the Final Investigation Report. This practice also reflected that parties were, in the absence of good cause, limited in their ability to offer new substantive evidence once the investigators closed the review and response period and began to write the Final Investigation Report.

10. Following this practice, we provided Jane Doe and John Roe with the opportunity to respond to the new evidence Stuart Evans and I collected after the parties' September 7, 2020 responses to the Draft Investigation Report and to respond to the response the other party had made to the Draft Investigation Report.

11. Also following this practice, we provided John Roe with the opportunity to respond to the November 2, 2020 Second Amended Notice of Investigation and our October 27, 2020 interview of Plaintiff. After we gave Plaintiff an opportunity to respond to John Roe's December 15, 2020 response, we did not allow any additional responses.

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10 / 21 /2024.

_____
LaTosha Barnes

3