**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| JANE DOE, | Case No. 3:23-cv-00018-RSB |
| Plaintiff, | |
| v. | Hon. Robert S. Ballou |
| RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, | |
| Defendant. | |

---

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT**

**TO: Rector and Visitors of the University of Virginia**
  *Through its attorneys of record*,
  OFFICE OF THE ATTORNEY GENERAL
  Amy Elizabeth Hensley (VSB No. 80470)
  Christopher Praeger Bernhardt (VSB No. 80133)
  202 North Ninth Street
  Richmond, VA 23219
  hsc5te@virginia.edu
  cbernhardt@oag.state.va.us

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Jane Doe, through undersigned counsel, requests that Defendant The Rector and Visitors of the University of Virginia ("UVA") produce the following documents for inspection and copying within thirty (30) days of service at the offices of Abdnour Weiker, LLP, 500 E Michigan Ave #130, Lansing, MI 48912 or via email at liz@education-rights.com.

## <u>INSTRUCTIONS</u>

1. With respect to any discovery request to which you object under a claim of privilege or other doctrine, please state: (1) the nature of the privilege asserted, (2) format of the communication (e.g., oral, memorandum, or email), (3) if the communication is in written format identify the author and all recipients, (4) if the communication is oral, identify all persons present when the communication was made, (5) the subject matter of the communication, and (6) date of the communication. Responsive communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.

2. The requests herein are continuing in nature. Please supplement your responses as necessary following any initial response.

3. If you cannot respond to any request fully, after exercising due diligence to secure the full information or knowledge you have concerning the request, so state and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion and detailing your attempt to secure the unknown information.

4. In answering these requests, furnish all information, including hearsay, however obtained, which you have in your possession or which is known by your agents, employees, or attorneys, or which appears in any records or other information in your possession, custody, or control.

5. If any portion of any document is responsive to any request, please produce the entire document. Documents produced pursuant to this request should be produced in the order in which they are kept in your files and shall not be shuffled or otherwise rearranged. Documents that in the original condition are stapled, clipped, or otherwise fastened together shall be produced in such form. Please advise in writing, as to each document produced, the particular document request herein to which the document is responsive.

6. Identify the source of each of the documents you produced.

7. If you have any questions regarding the scope, meaning, or intent of these requests, please promptly contact undersigned counsel in writing.

8. Unless otherwise specified, these requests are limited to information and documents from January 1, 2018, to August 6, 2021.

9. When asked to identify a document or written communication, if a copy of any such document has been previously produced by any party in this matter, for each such document please identify the Bates Number for each relevant page. If no copy of the document has been produced, please identify the date of the document and each person that is currently in possession of a copy of the document.

10. When asked to identify an oral statement, either in person or telephonic, please identify the statement; the means of such statement; the location, date, and approximate time that each such statement was made; and the identity of every other person, if anyone, who was present or was a participant in the telephone call, video conference, and/or other means of communication.

11. When asked to identify (a) a natural individual, means to state his or her full name, current or last known home address and telephone number, and current or last known business address and telephone number; (b) a corporation, means to state its full corporate name and any name under which it does business, its state of incorporation, the address of its principal place of business; and the addresses of all of its offices in the United States of America; (c) a business, means to state the full name under which the business is conducted, its business address or addresses, the type of business, and the identity of the person or persons who own, operate, and control the business.

12. If any and all documents identified herein are no longer in your possession, custody or control because of destruction, loss or any other reason, then do the following with respect to each and every such document: (i) describe the nature of the document (e.g., letter or memorandum); (ii) state the date of the document; (iii) identify the persons who sent and received the original and a copy of the document; (iv) state in as much detail as possible the content of the document; and (v) state the manner and date of disposition of the document.

13. All requests for production are requests for all electronically stored information responsive to these requests in addition to any physical documents. Such electronically stored information should be produced in a native format that can be read without the need for software or information generally unavailable to undersigned counsel.  If there are any questions about the specific format required for certain types of electronically stored information, please contact undersigned counsel as soon as possible to discuss and clarify the format in which such information is to be produced.

14. All requests for documents are limited to those documents within your possession, custody, or control.

15. If you object to any of these discovery requests, please state the grounds for your objection and respond to the request.

16. If you would like to meet and confer about the methods you will use to search ESI to identify information that is subject to production and filter out ESI that is not subject to discovery, Plaintiff's counsel will cooperate in the development of appropriate search methodology and criteria, including the potential use of computer-assisted search methodologies and other analytics-based search and filtering tools.

17. Please brand each page produced with a unique Bates number, which shall not obliterate, conceal, interfere with, or alter in any information from the source document.

18. Please produce all documents in PDF format unless the particular document warrants a different format. If Plaintiff determines a particular document produced as a PDF should be in its native format, Plaintiff's counsel shall request a copy of the document in its native format. Excel files and other spreadsheets and digital photographs shall be produced in native file format in a separate folder on the production media. Spreadsheets should not be imaged, but a placeholder image with Bates number must be included to represent the spreadsheet.

19. Documents available only in paper or hardcopy format shall be scanned into electronic format. Black and white paper documents shall be scanned as PDF files. Documents that contain color (i.e., non-black-and-white) photographs, or graphic images shall be scanned in color as 300 dpi single-page JPEG files with the quality setting at high. Distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). In the case of an organized compilation of separate documents – for example, a binder containing several separate documents behind numbered tabs – the document behind each tab should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields.

20. Parent-child relationships (the association between emails and attachments) shall be preserved, and attachments to e-mails will not be eliminated from the parent e-mail. Email attachments will be consecutively produced with the parent email, and families will be associated using attachment range metadata. Each of the following metadata fields should be preserved: To,

From, CC, BCC, Subject, date sent, and time sent. Attachments shall be processed as though they were separate documents.

## DEFINITIONS

1.   The terms "you" or "your" shall mean the Defendant, the Board, in the above-captioned action and its agents, representatives, employees, attorneys, consultants, or any person acting or purporting to act on its behalf for any purpose or reason whatsoever.

2.   The term "UVA" shall mean The Rector and Visitors of the University of Virginia for which the UVA Board of Visitors acts as governing body of UVA, the corporate name for which is The Rector and Visitors of the University of Virginia which includes a public educational institution in Charlottesville, Virginia, organized and existing under the laws of the state of Virginia.

3.   The term "Title IX" shall mean Public Law 92-318, Statutes at large 86 STAT 235 and 20 U.S.C. § 1681, and the consideration, adoption, development, implementation, interpretation, training, enforcement of and relating to Title IX and Prohibited Conduct under Title IX Policy at MSU, and allegations of violations of Title IX and Prohibited Conduct under Title IX Policy at MSU.

4.   The term "person" shall mean natural persons, and juridical persons, including but not limited to corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof and governmental agencies.

5.   The term "document" shall be broadly construed and shall mean the original and any written, printed, typed record, or graphic materials of any kind, character, now or formerly in your actual or constructive possession, custody, or control, including without limitation, notes,

drafts, letters, correspondence, telegrams, memoranda, messages, records, minutes, calendar or diary entries, maps, plaques, contracts, agreements, photographs, statements, handwritten notes notations, notations of conversations or conferences, bulletins, pamphlets, notices, studies, summaries, reports, teletypes, faxes, worksheets, invoices, ledgers, financial statements, check registers, checks, photostats, microfilm, computer entries, e-mail messages, computer printouts, social media communications, tape recordings, video tapes, audio tapes, data in an electric or computerized format, and all documents and information necessary to complete understanding or interpretation of the foregoing.

6.   The terms "relate to" or "relating to," including any variations thereof, shall be construed broadly and shall mean to involve, to bear upon, to concern, to reflect, to support, to refer to, to contain a discussion, description, notation, identification, or statement about, a reference to, or in any way a mention of, in whole or in part.

7.   The terms "and" or "or," as used herein, are terms of inclusion and not of exclusion, and they should be construed either disjunctively or conjunctively as necessary, to bring within the scope of this demand any documents or information that otherwise might be construed to be outside of its scope.

8.   The term "communication" shall mean any contact, transmission, or exchange of information between two or more persons, orally or in writing (including, but not limited to, any conversation or discussion, formal or informal, face-to-face or by telephone, text message, social media application, telegraph, telex, telecopier, electronic, or other media).

9.   When the term "between" is used in connection with a document, record, or communication, this includes anything to which you were a party directly or indirectly, and also anything between others to which you obtained or received a copy.

10. The singular form of any noun or pronoun shall be construed to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neutral gendered form of the noun or pronoun so used, and vice versa.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSIONS NO. 1:

Admit that UVA operates programs in receipt of federal funds.

**ANSWER:**

### REQUEST FOR ADMISSIONS NO. 2:

Admit that UVA is subject to the requirements of Title IX of the Education Amendments

of 1972, 20 U.S.C. §1681 et seq.

**ANSWER:**

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify every person who may have knowledge of any facts or circumstances relating to any of Plaintiff's claims or your defenses in the captioned lawsuit and state what knowledge you believe each person may have.

**ANSWER:**

**INTERROGATORY NO. 2:**

Please state whether you obtained a written or oral statement from any of the persons identified in your response to the preceding interrogatory, and, if so, identify the person whose statement you obtained, the person who took the statement and all persons who were present while the statement was being taken, and state whether the statement is written or otherwise recorded.

**ANSWER:**

**INTERROGATORY NO. 3:**

Please state the name(s) of all witnesses you may or will call at trial and provide a brief description of the testimony each person is expected to present at trial.

**ANSWER:**

**INTERROGATORY NO. 4:**

Please identify each and every expert witness you may or will call as a witness at the trial of this matter and provide a brief description of the testimony each expert is expected to present at trial.

**ANSWER:**

**INTERROGATORY NO. 5:**

Please identify each and every lawsuit or state or federal investigation or legal proceeding in which UVA has been a party, including but not limited to any complaints to the Office of Civil Rights or Department of Education, including the caption of the lawsuit, the court or agency in which it was pending, the case or matter number, the general nature of the case or proceeding, and the outcome.

**ANSWER:**

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce any and all recorded, written, typed, and/or transcribed statements obtained from any person, including the Plaintiff, and relating in any way to this lawsuit.

### REQUEST FOR PRODUCTION NO. 2:

Please produce all non-privileged communications and documents relating to this lawsuit.

### REQUEST FOR PRODUCTION NO. 3:

Please produce all policy and procedure documents relating to UVA's response to allegations of violations of Title IX.

### REQUEST FOR PRODUCTION NO. 4:

Please produce all communications and documents relating to Plaintiff's Title IX Reports and Investigation(s), including but not limited to the following:

a)    communications and documents exchanged between UVA employees and Plaintiff;

b)    communications and documents exchanged between UVA employees and anyone else relating to Plaintiff's Title IX Reports and Investigation(s); and

c)    all recordings and notes of interviews, both before and after, relating to interviews, questions, and requests for information by Plaintiff or in connection with Plaintiff's Title IX Reports or Investigations.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all non-privileged communications and documents sent to or received by any of the following individuals with respect to the following topics: 1) Title IX response and training, and 2) any information related to Plaintiff:

Emily Babb

Akia Haynes

Asher Biemann

Gabriel Finder

Palma Pustilnik

Jeffrey Grossman

Dudley Doane

Laurie Casteen

M. Elizabeth Magill


**REQUEST FOR PRODUCTION NO. 6:**

Please produce all communications and documents relating to any document retention policies relevant to the matters outlined in the Amended Complaint.


**REQUEST FOR PRODUCTION NO. 7:**

Please produce all communications and documents, including underlying data, for all surveys and studies relating to Title IX and/or campus climate with respect to Title IX.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all UVA-maintained records for Plaintiff, including but not limited to academic records, disciplinary records, enrollment information, financial aid, health center records, etc.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce documentation of all Title IX, sexual misconduct, or sexual harassment trainings provided to any of the following UVA staff, including copies of all training materials and documentation of participant attendance.

Asher Biemann

Gabriel Finder

Emily Babb

Akia Haynes

Palma Pustilnik

Jeffrey Grossman

Dudley Doane

Laurie Casteen

M. Elizabeth Magill

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all Title IX outcome letters issued from January 1, 2015 to August 6, 2021 to employee respondents.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce a copy of all documents referenced in your Initial Disclosures in this case that have not been previously produced.

Respectfully Submitted,

_s/ Elizabeth K. Abdnour_
Elizabeth K. Abdnour
_Pro Hac Vice_
Abdnour Weiker, LLP
500 E Michigan Ave #130
Lansing, MI 48912
Telephone: (517) 994-1776
Email: liz@education-rights.com

_Attorney for Plaintiff_

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served on all parties via counsel of record by electronic mail this 5th day of June, 2024.

_s/ Elizabeth K. Abdnour_
Elizabeth K. Abdnour

15