UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **JANE DOE,** | ) |
| Jane Doe, | ) ) ) |
| v. | ) Case No. 3:23-cv-00018-RSB ) |
| **RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA,** | ) ) ) |
| Defendant. | ) ) ) |

## DECLARATION

I, Jenna Kidd, pursuant to 28 U.S.C. § 1746, hereby declare and state as follows:

1. I am over the age of eighteen, and I am competent to testify to the matters described in this Declaration. Unless otherwise indicated, I have personal knowledge of the facts and statements in this Declaration and am prepared to testify to them, among other things, at a hearing or trial related to this matter or the issues or facts discussed in this Declaration.

2. My current legal name is Jennifer Elizabeth Kidd. In 2020 and 2021, my legal name was Jennifer Elizabeth Pritchett. I use the first name "Jenna" professionally and in my personal life.

3. I work in the Office for Equal Opportunity and Civil Rights at the University of Virgnia ("UVA"). My current title is Outreach, Education, and Training Manager – Equal Opportunity and Civil Rights.

4. I have been employed at UVA continuously since 2011. I have worked in UVA's Office for Equal Opportunity and Civil Rights since 2016.

1

5. In 2020 and 2021, I was an Executive Assistant in UVA's Title IX Office, which is part of the Office for Equal Opportunity and Civil Rights. In that role, I was familiar with how the Title IX Office conducted formal Title IX investigations, including review panels. I was also familiar with how UVA's Title IX Office kept its records. Among other things, I assisted the Title IX Coordinator with tasks associated with pending formal investigations.

6. In 2020 and 2021, I was personally involved with administrative tasks associated with the formal Title IX investigation involving Plaintiff Jane Doe and John Roe that is the subject of the above-styled lawsuit.

7. For example, I assisted the Interim Title IX Coordinator with tasks associated with the formal investigation, such as scheduling the review panel hearing and sending Plaintiff and John Roe correspondence related to the investigation.

8. I am aware that the Title IX Office provided the Review Panel with information that a no contact directive was issued regarding Jane Doe and John Roe during the investigation.

9. I am familiar with the practices of UVA's Title IX Office as to where no contact directives are stored when they are issued.

10. When a no contact directive is issued during a Title IX investigation at UVA, a document is created that sets out the terms of the no contact directive and that is provided to the complainant and the respondent. No contact directives are kept in UVA's Safe Grounds system, which is an online system for, among other things, tracking and storing information and documents related to a Title IX complaint or investigation. No contact directives are also stored in a secure drive that can only be accessed by employees of the Office for Equal Opportunity and Civil Rights. A record of the issuance of a no contact directive is stored in the email account for the Title IX Office. Also, no contact directives become exhibits to Final Investigation Reports.

11. I have reviewed Safe Grounds, the Final Investigation Report for the investigation involving Jane Doe and John Roe, the secure drive that can only be accessed by employees of the Office for Equal Opportunity and Civil Rights, and the email account for the Title IX Office, and there is not a no contact directive for Plaintiff or John Roe in any of those locations.

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10 / 23 /2024.

Jennifer Elizabeth Kidd