# EXHIBIT 1

# In the Matter of:

## Jane Doe
### v.
## The University of Virginia, et al.

## Andrew C. Verzilli, M.B.A.

September 9, 2024



Casamo | Court Reporting
Videography
Videoconferencing

Phone: 703-837-0076
Fax: 703-837-8118
Toll Free: 877-837-0077

1010 Cameron Street
Alexandria, VA 22310
transcript@casamo.com

```
 1   VIRGINIA

 2          IN THE UNITED STATES DISTRICT COURT

 3         FOR THE WESTERN DISTRICT OF VIRGINIA

 4                 Charlottesville Division

 5   JANE DOE,                              )
                                            )
 6                     PLAINTIFF,           )
                                            ) CASE NUMBER:
 7   v.                                     ) 3:23-cv-00018-RSB
                                            )
 8   THE UNIVERSITY OF VIRGINIA, et al.,    )
                                            )
 9                     DEFENDANTS.          )

10

11                               Monday, September 9, 2024

12

13   Remote Deposition of

14              ANDREW C. VERZILLI, M.B.A.

15   a witness, called for oral examination by counsel for

16   the defendants, pursuant to notice and agreement of the

17   parties as to time and date, taken remotely, on the 9th

18   day of September 2024, beginning at 9:30 a.m., before

19   Jayne R. Kirby, a Certified Verbatim Reporter and

20   Notary Public in and for the State of Virginia, when

21   there were present on behalf of the respective parties:

22
```

```
 1              Mr. Verzilli, can you see my screen?
 2        A     I can.
 3        Q     Do you recognize that document?
 4        A     Yes, and I think it should be seven pages.
 5  Yeah, that's correct.  Yeah, so that would be page one.
 6        Q     Okay, and is this the expert, proposed expert
 7  report you provided to Ms. Abdnour on June 12, 2024?
 8        A     Yes.
 9        Q     I would like to mark that as Defense Exhibit
10  Number 2.
11                         (The document referred
12                          to above was marked for
13                          identification as
14                          Defendant's Exhibit 2.)
15        BY MS. HENSLEY:
16        Q     Up here in this first paragraph, "The
17  following is our analysis of the loss in earnings
18  relative to Jane Doe."  So just to clarify here, you're
19  intending to testify as to her lost earnings and
20  nothing else; is that accurate?
21        A     That's correct.
22        Q     Within some discovery responses that we have
```

```
 1   received from the Plaintiff's counsel, one of the
 2   answers indicated that, "Detailed information about
 3   economic damages related to loss of income and
 4   education are included in Andrew Verzilli's expert
 5   reports."
 6           Are you intending to testify as well as to
 7   any related loss pertaining to Ms. Doe's education?
 8      A    I would -- the way I understand that is I had
 9   to make an assumption about Ms. Doe going to law
10   school, or a delay in school.  So that is an assumption
11   I made, and then I had applied economics to what an
12   attorney would earn compared to someone, you know, that
13   wasn't an attorney, you know, a paralegal; or if there
14   is a delay, you know, how long would it take her to,
15   you know, fully mitigate.
16           I didn't -- I made an assumption about the
17   education.
18      Q    Okay.  I also received in discovery an
19   invoice of $1,500 where you billed for preparation of a
20   report in this case.  Did you send an invoice for
21   $1,500 to Plaintiff's counsel in this case?
22      A    That's right, and per federal rules I have to
```

```
 1    the University of Virginia.
 2        Q    And that was also a document that you
 3    reviewed?
 4        A    Yes.  Sorry, my glasses are -- yes.
 5        Q    I'd like to move that in as Defense Number 4.
 6                       (The document referred
 7                        to above was marked for
 8                        identification as
 9                        Defendant's Exhibit 4.)
10             BY MS. HENSLEY:
11        Q    What information within this transcript was
12    relevant to your proposed expert opinions?
13        A    It showed me when she started and what -- you
14    know, her grades, and that she graduated, her degree.
15    And so, again, it was factual information.
16        Q    Are you relying on her transcript from UVA as
17    any indicator of her likelihood of acceptance to law
18    school?
19        A    I'm not a vocational expert, so -- I mean,
20    again, I make an assumption of education, and then
21    economics tells us that education and earning capacity,
22    there is a relationship there.
```

| | |
|---|---|
| 1 | But in terms of the acceptance, I would have |
| 2 | assumed that she would have gone to law school, but I |
| 3 | didn't -- I can't give an opinion.  I just know -- |
| 4 | like, you know, I know her grades and her GPA was, you |
| 5 | know, roughly 3.9.  But I can't -- I can't give an |
| 6 | opinion as to the likelihood of her being accepted to |
| 7 | law school. |
| 8 |     Q    So is the answer to my question no? |
| 9 |     A    That's correct. |
| 10 |     MR. MUNRO:  I'll just object to form. |
| 11 |     BY MS. HENSLEY: |
| 12 |     Q    Did you review her transcript from Northern |
| 13 | Virginia Community College? |
| 14 |     A    I don't recall having that.  I would have -- |
| 15 | I would have cited it.  I don't think -- I didn't get |
| 16 | that. |
| 17 |     Q    Okay.  Did you review her transcript from |
| 18 | high school, including her transcript from ▓▓▓▓? |
| 19 |     A    No. |
| 20 |     Q    Do you recognize this document, Mr. Verzilli? |
| 21 |     A    That would be her '23 W2 when she worked as a |
| 22 | paralegal. |