IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **JANE DOE,**<br><br>　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA,**<br><br>　　　　　　　　**Defendant.** | Case No. 3:23-cv-00018-RSB |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

Plaintiff Jane Doe, through undersigned counsel, moves for entry of an order permitting her to file her Exhibit to her Brief in Support of her Motion in Limine to Exclude Witness Parwiz Esmati under seal pursuant to Local Rule 9, and should the Court determine that Esmati's deposition testimony is confidential, her Motion in Limine to Exclude Witness Parwiz Esmati and supporting Brief under seal. In support thereof, Plaintiff states as follows:

**BACKGROUND**

Plaintiff filed this action relating to the Title IX investigation conducted by UVA after Plaintiff reported sexual assault at the hands of a UVA professor. During discovery, witness Parwiz Esmati testified at a September 10, 2024, deposition secured by the defense pursuant to a subpoena. Plaintiff must cite to that deposition testimony in her Brief in Support of her Motion in Limine to Exclude Witness Parwiz Esmati and includes deposition transcript excerpts in Exhibit 1 to that Brief. During the deposition, Esmati's counsel stated that he was designating the deposition as confidential pursuant to the Joint Stipulated Protective Order. ECF

1

No. 50. However, none of the requirements of the Protective Order were met to designate any of Esmati's testimony as confidential, as explained below. Nonetheless, Esmati's testimony include personal and sensitive details, including Plaintiff's mental health and her romantic and sexual history, and redactions will be insufficient to protect her identity and privacy.

Therefore, Plaintiff seeks leave to file the following documents under seal:

a. Exhibit 1 to Brief in Support of Motion in Limine to Exclude Witness Parwiz Esmati.

Should this Court determine that Esmati's deposition testimony is confidential, Plaintiff seeks leave to file the following documents under seal:

a. Motion in Limine to Exclude Witness Parwiz Esmati;

b. Brief in Support of Motion in Limine to Exclude Witness Parwiz Esmati; and

c. Exhibit 1 to Brief in Support of Motion in Limine to Exclude Witness Parwiz Esmati.

## **ARGUMENT**

Although "[t]here is a general presumption in favor of 'public access' to documents in the files of the courts . . . [a] district court has discretion to seal documents when the 'public's right of access is outweighed by competing interests.'" *Klon Indus. v. E.I. Du Pont de Nemours & Co.*, No. 3:11-cv-622, 2012 U.S. Dist. LEXIS 55982, at *4 (E.D. Va. Apr. 20, 2012) (quoting *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "Before sealing documents, district courts must: '(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting [the] decision to seal the documents and for rejecting the alternatives.'" *Id.* (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)). The docketing of this Motion to Seal and Memorandum in Support would fulfill the "public notice" element of the Fourth Circuit's sealing standard. *See Clehm v.*

2

*BAE Sys., Inc.*, No. 7:16-cv-12, 2017 U.S. Dist. LEXIS 40326, at *3-4 (W.D. Va. Mar. 21, 2017).

Esmati's counsel stated during the deposition that he was designating the deposition as confidential pursuant to the Joint Stipulated Protective Order. ECF No. 50. However, Pursuant to the protective Order, only a party—not a witness—may designate deposition testimony as Confidential information: "A party may designate deposition testimony as Confidential information by indicating on the record at the deposition that the testimony is Confidential information." *Id*. at 50 § 5(A). Once that occurs, either a party or a witness must then do the following: 'Not more than fourteen (14) days after receiving a deposition transcript, any of the Parties or the deponent may designate specific testimony or transcript pages as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY' by written notice to counsel for all Parties and the deponent." *Id*. At no time since the deposition was taken two months ago did either Defendant or Esmati desginate any specific testimony or transcript pages as confidential.

Plaintiff seeks to protect and her own identity confidential. Plaintiff filed this action under a pseudonym. ECF No. 21 at 1 n.1. Plaintiff sought leave to proceed under pseudonym, which this Court granted. ECF No. 44.

Plaintiff asks this Court for leave to file under seal Exhibit 1 described above. The deposition transcript excerpts contain personal and sensitive details about Plaintiff and/or Roe. While all references to Plaintiff's real name were changed to "Jane Doe" in the deposition transcripts, there are personal details that could be used to determine her identity. Defendant is not prejudiced by and does not object to sealing these exhibits.

Pursuant to Local Rule 9(b)(2), Plaintiff, by counsel, tenders to the Court, in camera, the

3

documents proposed to be sealed. Electronic PDF copies of these documents will be provided to the Court and Defendant.

Plaintiff proposes to seal Exhibit 1 for the duration that this matter is active on the docket of this Court and any appeals thereafter, and, at the conclusion of any appeal, that the exhibits would be removed from the records of this Court and be destroyed or returned to the parties.

It is Plaintiff's position that Esmati's deposition testimony is not confidential information as the required procedures outlined in the Joint Stipulated Protective Order were not followed. However, in an abundance of caution, Plaintiff is filing this motion to seal regarding the Motion in Limine and Brief as well, should this Court decide otherwise.

## CONCLUSION

For the reasons set out above, Plaintiff Jane Doe moves for entry of an permitting her to file her Exhibit to her Brief in Support of her Motion in Limine to Exclude Witness Parwiz Esmati under seal pursuant to Local Rule 9, and should the Court determine that Esmati's deposition testimony is confidential, her Motion in Limine to Exclude Witness Parwiz Esmati and supporting Brief under seal.

Dated: November 12, 2024        Respectfully submitted,

*s/Elizabeth K. Abdnour*
Elizabeth K. Abdnour
*Pro Hac Vice*
ABDNOUR WEIKER LLP
500 E. Michigan Ave., Suite 130
Lansing, Michigan 48912
Phone: (517) 994-1776
Fax: (614) 417-5081
liz@education-rights.com

Devon J. Munro (VSB # 47833)
Munro Byrd, P.C.

4

        120 Day Ave. SW, First Floor
        Roanoke, Virginia 24016
        (540) 283-9343
        dmunro@trialsva.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of November, 2024, a true and accurate copy of the foregoing document was filed using the Court's ECM/ECF filing system, which will send an electronic notification to all counsel of record.

        *s/ Elizabeth K. Abdnour*
        Attorney at Law

5